Martha **EDWARDS**, Plaintiff, Appellee,

v.

**RED FARM STUDIO CO.,**
Defendant, Appellant.

No. 96–2192.

United States Court of Appeals,
First Circuit.

Heard March 4, 1997.

Decided March 28, 1997.

---

John D. Deacon, Jr., Providence, for appellant.

Michael T. Eskey with whom Lauren E. Jones and Jones Associates, Providence, were on brief, for appellee.

Before LYNCH, Circuit Judge, ALDRICH and BOWNES, Senior Circuit Judges.

BAILEY ALDRICH, Senior Circuit Judge.

This is an appeal by Red Farm Studio Co., a successful defendant in a copyright infringement case, from the court's denial of attorney's fees. Concededly, fees are discretionary, the statute reading as follows,

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C. § 505. The court did award defendant partial costs.

Defendant has assumed a heavy burden, but not without justification. We reverse.

A nationwide difference of views on this subject led to the case of *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534, 114 S.Ct. 1023, 1033, 127 L.Ed.2d 455 (1994), where the Court rejected the so-called "dual" standard rule. "[P]revailing plaintiffs [were] generally awarded attorney's fees as a matter of course, while prevailing defendants must show that the original suit was frivolous or brought in bad faith." 510 U.S. at pp. 520–21, 114 S.Ct. at p. 1026. Rather, defendants are entitled to consideration "evenhandly" with plaintiffs.

The Court particularly criticized *Breffort v. The I Had a Ball Co.*, 271 F.Supp. 623 (S.D.N.Y.1967), saying,

> That court concluded that "the considerations prompting an award of fees to a successful plaintiff must of necessity differ from those determining whether a prevailing defendant is entitled to such an award." *Breffort*, 271 F.Supp., at 627. As support, the court stated: "The purpose of an award of counsel fees to a plaintiff is to deter copyright infringement.... In the case of a prevailing defendant, however, prevention of infringement is obviously not a factor; and if an award is to be made at all, it represents a penalty imposed upon the plaintiff for institution of a baseless, frivolous, or unreasonable suit, or one instituted in bad faith." *Ibid.* As we have already explained, *supra*, at 527, 114 S.Ct. at 1029–30, such is too narrow a view of the purposes of the Copyright Act because it fails to adequately consider the important role played by copyright defendants.

510 U.S. at 532 n. 18, 114 S.Ct. at 1032 n. 18.

The district court ruling that *Fogerty* found improper was that the defendant could not recover fees because it had not "demonstrated that the action was frivolous or was instituted and prosecuted in bad faith." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1532 (9th Cir.1993). The Supreme Court condensed this to "frivolous or brought in bad faith."

In the case at bar [1] there were three pertinent court proceedings. On November 16, 1995, the court delivered an oral opinion denying plaintiff Martha Edwards' claims of copyright infringement on six out of eight works.[2] On September 9, 1996, it conducted a hearing on cross motions for attorneys' fees and sanctions. Except for defendant's stating that it was cited in its memorandum, there was no mention of *Fogerty;* both counsel argued exclusively on the question of unreasonableness. The court reserved decision. On September 18, it delivered an oral decision on copyright fees, Lanham Act fees, and Fed.R.Civ.P. 11 sanctions.

■ On copyright, our only issue, the court gave reasonableness little attention. It said,

The Supreme Court in the *Fogerty* case identified some of the factors that the Court ought to consider in determining whether to exercise its discretion and award counsel fees. Those [sic], basically, there are two factors that *Fogerty* identified. One is whether the claim could be characterized as frivolous and second, what the Plaintiff's motive was, whether the claim was brought in bad faith.

This seems singular emphasis, since *Fogerty* 's point was that these extremes were no longer the sole factors to be considered. 510 U.S. at 534 n. 19, 114 S.Ct. at 1033 n. 19.[3] The court proceeded,

Here the Defendant relies on the twenty year course of dealing between the parties to establish that the Defendant acted properly and that the Plaintiff acted unreason-

ably and/or in bad faith in bringing the copyright claims.

The district court then described plaintiff's asserted justification for bringing suit, namely, ambiguities. Ambiguities did not win the case, but they defeated frivolousness and bad faith.

So in light of those things, although [I] found for the Defendant for a variety of reasons, I cannot characterize the Plaintiff's copyright claims as being frivolous or brought in bad faith.

Therefore, I will not award any attorney's fees to the Defendant for the copyright claims.

Faced with this positive language, plaintiff urges us to interpret liberally, arguing that,

Viewed in its proper context, the record elsewhere additionally reveals that while the court may have principally articulated its conclusions at the moment of its decision in terms of frivolousness, it used that term interchangeably with objective unreasonableness.

The "elsewhere," except in the earlier hearing on September 9, is not conspicuous. Plaintiff would have been more accurate had she said that the court read unreasonableness in terms of frivolousness.[4] But manifestly *Fogerty* did not reject the dual rule in order to add a clone.

■ We say this particularly because the court held that an obligation for fees was not sparked by plaintiff's unilaterally rejecting a practice between the parties, as artist and publisher, that plaintiff had accepted for two decades; the more especially when her rejec-

---

1. The plaintiff also brought claims for breach of contract, violations of the Lanham Act and unfair competition. None of these claims concerns us here.

2. Defendant, with apologies, conceded an inadvertence on the other two. The court noted that "those claims turned out to be a pittance."

3. The Court listed non-exclusive factors to be considered by courts in making awards of attorney's fees including,

[F]rivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.

510 U.S. at 534 n. 19, 114 S.Ct. at 1033 n. 19 (citations omitted).

4. For good measure we note the court's repetition of this equivalency when considering plaintiff's obligation for fees for the Lanham Act claims (which the court granted, plaintiff having introduced no evidence),

The factors to be considered are similar to those applicable under the Copyright Act whether the claims were frivolous or brought in bad faith. What it boils down to is whether the Plaintiff acted reasonably in bringing these claims.

 

tion was based on ambiguities which, in its decision denying liability, the court had said she could not rely on because it was she who had created them. This, it seems to us, was inescapably highly unreasonable, if not frivolous. The court overlooked not only the tenor of the *Fogerty* opinion, but its above-quoted footnote recognizing "the important role played by copyright defendants,"—preventing copyright owners from restricting rightful publications. It used too strict a requirement, acknowledged, and then disregarded, unreasonableness, and reached a wrong result.

Ordinarily we would now remand for defendant to start over. However, plaintiff's claim was so poor that we consider it would be an abuse of discretion not to award fees; the only question should be the amount. We reverse and remand for that purpose, *cf. Diamond Star Bldg. Corp. v. Freed,* 30 F.3d 503, 506 (4th Cir.1994), to the original judge.