USCA1 Opinion

 

 United States Court of Appeals
 For the First Circuit

No. 98-1408

 DENISE MATTHEWS,
 d/b/a J.D. BENJAMIN COMPANY,

 Plaintiff, Appellant,

 v.

 ALAN FREEDMAN,
 d/b/a FREEDMAN ENTERPRISES, ELLIOT KAPLAN,
 and CAMELOT ENTERPRISES, INC.,
 
 Defendants, Appellees.

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. Robert E. Keeton, U.S. District Judge]

 Before

 Selya, Circuit Judge,
 
 Aldrich, Senior Circuit Judge,
 
 and Boudin, Circuit Judge.
 
 

 James G. Goggin with whom Jacqueline W. Rider and Verrill &
Dana, LLP were on brief for appellant.
 Andrew D. Epstein with whom Barker, Epstein & Loscocco was on
brief for appellees.

October 9, 1998

 BOUDIN, Circuit Judge. Denise Matthews, a fabric
designer and wholesale distributor of "soft-good" souvenirs, makes
and sells a children's t-shirt with a design entitled, "Someone
Went to Boston and got me this shirt because they love me Very
much." This phrase appears on a t-shirt surrounded by small
drawings of a fish, a sailboat, a lobster, Faneuil Hall, and
scattered hearts. Matthews registered this "Someone..." t-shirt
design with the U.S. Copyright Office, receiving a certificate of
registration effective August 9, 1995. 
 In February 1997, Alan Freedman, a competing souvenir
producer, began offering a children's t-shirt with the slogan
"Someone Who Loves Me Went to Boston and Got Me this Shirt." This
phrase appears on the Freedman t-shirt and is surrounded by small
drawings of a fish, a sailboat, a lobster, a swan boat, ducklings,
and a smiling sun. Freedman and Matthews both attend the Boston
Gift Show where Freedman has seen Matthews' "Someone..." t-shirt
displayed.
 Matthews filed suit against Freedman for copyright
infringement under 17 U.S.C. 501 et seq. in August 1997. The
district court held a non-jury trial on January 21, 1998, and
issued a memorandum and order dated February 5, 1998, granting
judgment in favor of Freedman on the ground that Freedman's t-shirt
did not infringe upon the protectible elements of Matthews' design. 
Thereafter, the district court also awarded attorney's fees to
Freedman in the amount of $25,000. This appeal by Matthews
followed.
 To make out a copyright infringement, a plaintiff must
show ownership of a valid copyright--not questioned here--and the
"copying of constituent elements of the work that are original." 
Feist Publications v. Rural Tel. Serv. Co., 499 U.S. 340, 361
(1991). As to this latter element, sometimes the dispute concerns
the factual question of whether the defendant saw and copied the
plaintiff's work; but in other cases, as in this one, the dispute
centers around more subtle, related questions: what aspects of the
plaintiff's work are protectible under the copyright laws and
whether whatever copying took place appropriated those elements.
 A major limitation on what is protectible under the
copyright laws is capsulized in the notion that copyright protects 
the original expressions of ideas but not the ideas expressed. SeeFeist, 499 U.S. at 345-51; CMM Cable Rep, Inc. v. Ocean Coast
Properties, Inc., 97 F.3d 1504, 1516 (1st Cir. 1996). The point is
that the underlying idea (e.g., the travails of two star-crossed
lovers), even if original, cannot be removed from the public realm;
but its expression in the form of a play script (such as William
Shakespeare's Romeo and Juliet) can be protected. Needless to say,
the line is a blurry one.
 If the idea-expression dichotomy favors copyright-case
defendants, a somewhat different notion in copyright law favors the
plaintiffs. It is well-settled that where the plaintiff has
copyrighted an original expression, an infringement can be found to
exist even where the defendant does not copy the original
expression in a literal manner (word for word or image by image). 
It is enough to make out infringement--assuming actual copying--if
the alleged infringing work is "substantially similar" to the
protectible expression in the copywritten work. CMM Cable, 97 F.3d
at 1513. In other words, if Romeo and Juliet were under copyright,
the infringer could not escape solely by changing the names of
every character and altering a few words in every line.
 A potential tension is now obvious. An alleged
infringing work taken as a whole may seem "substantially similar"
to the copyrighted work taken as whole, but the impression of
similarity may rest heavily upon similarities in the two works as
to elements that are not copyrightable--because those elements are
the underlying ideas, or expressions that are not original with the
plaintiff, or for some like reason. See Feist, 499 U.S. at 358-60;
CMM Cable, 97 F.3d at 1515. Courts have used various formulas to
isolate the protectible expression in the copyrighted work to
determine whether the alleged infringing work is "substantially
similar" to that protectible expression.
 That is just what the district court did in the present
case. It declined implicitly to give Matthews any protection for
the idea that underlies the phrasing on the t-shirt--that the t-
shirt's purchase represents someone's love of the donee--or the
unoriginal notions of having a legend on a t-shirt, using childish
lettering, or placing on the t-shirt symbolic emblems reminiscent
of a location (here, Boston). The district court then turned its
attention to the remaining elements and found that, as to theseelements, the differences between the two works precluded a finding
of infringement.
 In this regard, the district court pointed to differences
in the particular icons selected, their arrangement, the colors
used, and the lettering. Examination of Matthews' and Freedman's
t-shirts bears out the district court's conclusion; no one would
think the lettering, colors or particular icons had been literally
copied from one t-shirt to the other. For example, the icons are
not all of the same subjects and even where both t-shirts depict a
lobster or fish, the drawings are completely different.
 Because Matthews does not directly challenge the district
court's assessment on an element-by-element basis, we pause only to
address the most obvious possible claim: that the expression of the
"someone" theme in the two t-shirts is "substantially similar." 
Obviously, there is a good deal of similarity in the substance of
the two competing phrases: "someone went to Boston and got me this
shirt because they love me very much" and "someone who loves me
went to Boston and got me this shirt." But most of the similarity
rests on the fact that both phrases are seeking to express
essentially the same idea.
 Admittedly, there is some similarity in the two
expressions of the idea, but this is largely because both are
expressing the same idea briefly and in straightforward terms and
the available variations in wording are quite limited. Even if the
sentiment were original with Matthews--which is by no means clear--
it would virtually give Matthews a monopoly on the underlying idea
if everyone else were forbidden from using a differently worded
short sentence to express the same sentiment. Cf. CMM Cable, 97
F.3d at 1519-20.
 In all events, Matthews' attack on the district court's
decision is not based on any refined comparison of individual
elements. Rather, Matthews says broadly that the test for
copyright infringement is whether the "ordinary observer" would
find a substantial similarity between the two works and would be
disposed to overlook the disparities as minor. Matthews then
argues that the district court, at least if its judgment is
reviewed de novo (as Matthews urges), erred because the two t-
shirts are to the average observer substantially similar "in
design and overall aesthetic appeal" and because "both exhibits
have similar 'Someone Who Loves Me Went To Boston And Got Me This
Shirt' language and display boats, fish, and a lobster in a
childlike fashion."
 Case law supports the "ordinary observer" test and the
disregard of minor differences in favor of major similarity. SeeConcrete Mach. Co. v. Classic Lawn Ornaments, Inc., 843 F.2d 600,
608-11 (1st Cir. 1988). As for the proper standard of review,
there is some difference among the circuits where the question of
substantial similarity is based solely on a visual comparison of
two items easily available to the reviewing court. But even if we
assumed arguendo a de novo standard of review, the protectible
elements here are not substantially similar for reasons already
indicated. 
 Indeed, Matthews' own argument (just quoted) is
practically explicit in its refusal to distinguish what is
protectible from what is not. Lack of originality to one side, the
notion of displaying "boats, fish and a lobster in childlike
fashion" is not in itself an expression; and although a particular
drawing might be, the two t-shirts in this case do not display
similar icons. For reasons already indicated, the "someone"
phrasing in the two t-shirts reflects the same sentiment, but the
sentiment is not protectible, and Freedman's expression of it was
different from Matthews', given the limited options available.
 We do not mean to suggest that every element in
copyrighted work must be considered apart from all others; a
collection of protectible elements may seem substantially similar
primarily through the overall impression created by those
protectible elements taken together. Cf. Knitwaves, Inc. v.
Lollytogs Ltd., 71 F.3d 996, 1003-04 (2d Cir. 1995). Even entirely
unoriginal expressions taken from others might sometimes be
combined in a way that gave rise to a new protectible expression
(imagine a collage of newspaper headlines juxtaposed in some highly
creative and original fashion). Cf. Feist, 499 U.S. at 358-59. 
But this case falls into neither of these categories.
 Turning to the issue of attorney's fees, Matthews urges
us to reverse as an abuse of discretion the district court's award
of $25,000 in attorney's fees. She says that because the district
court found that both parties made "non-meritorious" arguments, the
Supreme Court decision in Fogerty v. Fantasy, Inc., 510 U.S. 517,
534 (1994), dictated an even-handed treatment of attorney's fees,
namely, none to either side. Matthews also claims that the
district court failed to consider all of the Fogerty factors and
that even if an award was proper, the fees awarded here were
excessive.
 The copyright statute departs from the usual American
rule and says that the district court "may" award attorney's fees
to the prevailing party. 17 U.S.C. 505. In Fogerty, the Supreme
Court rejected the view that fees should be awarded more readily to
prevailing plaintiffs than to prevailing defendants, 510 U.S. at
533; and it said that the weakness of arguments made was a relevant
consideration. Id. at 534 n.19. But the Court did not say that
fees should be withheld from the prevailing party simply because
both sides made some arguments that did not persuade.
 Here, the district court ruled that the Matthews' claim
was not frivolous and was not brought in bad faith, but that
Matthews "did try to extend her copyright protection far beyond
what is allowed by law." This last conclusion is a judgment call
and, on the present facts, well within the district court's
discretion. A plaintiff's decision to bring a weak, if
nonfrivolous, case and to argue for an unreasonable extension of
copyright protection are relevant concerns. Fogerty, 510 U.S. at
526-27; Edwards v. Red Farm Studio Co., 109 F.3d 80, 82-83 (1st
Cir. 1997). Depending on other circumstances, a district court
could conclude that the losing party should pay even if all of the
arguments it made were reasonable.
 Apart from the weakness of the arguments on both sides,
Matthews says only that her company is not a "corporate giant"; but 
it may well be larger than Freedman's, and anyway Matthews makes no
effort to develop the details, although free to offer such evidence
in the district court. We conclude that the district court gave
a rational explanation for its decision to award fees to Freedman,
and that Matthews has failed to show an abuse of discretion or any
other error. This is equally so as to the amount awarded--$25,000
out of the $60,000 originally sought.
 Freedman has sought a further award of attorney's fees to
cover this appeal. In our view, Matthews has raised some issues
worth airing; the arguments on appeal mirror those made in the
district court; and we think that $25,000 is an adequate sum for
Freedman for the litigation as a whole, considering that the
district court conducted an abbreviated bench trial using
stipulated facts and affidavits. Accordingly, in the exercise of
our own discretion, we decline to make any further award to
Freedman.
 Affirmed.