**HARRIS CUSTOM BUILDERS, INC., Plaintiff–Appellant,**

v.

**Richard HOFFMEYER, Defendant– Appellee.**

No. 97–3055.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 27, 1998.

Decided April 9, 1998.

James P. Hanrath (argued), Waukegan, IL, for Plaintiff–Appellant.

Joseph A. Grear (argued), Rolf O. Stadheim, Stadheim & Grear, Chicago, IL, for Defendant–Appellee.

Before CUMMINGS, MANION, and EVANS, Circuit Judges.

TERENCE T. EVANS, Circuit Judge.

The district court granted Robert Hoffmeyer, the prevailing defendant in this copyright case, $228,918 in attorney fees. Harris Custom Builders appeals.

This court—this panel of the court in particular—is on close speaking terms with the merits of the somewhat unusual copyright claim arising here under the 1976 Copyright Act, the Act as it existed prior to its amendment by the Berne Convention Implementation Act. In reversing the district court's grant of summary judgment for Harris and ordering judgment for Hoffmeyer, we recognized the principle that if an underlying work is copyrighted, it retains its protections when it is published in a derivative work. However, we also determined that if the underlying work is copyrighted only because it has never been published, and if the owner of the underlying work is itself the entity which publishes it, without notice, in the derivative work, the underlying work loses its copyright protection. We were not the first court to come to that conclusion, but we were, nevertheless, aware of the difficulty of the issue. See *Harris Custom Builders, Inc. v. Hoffmeyer*, 92 F.3d 517 (7th Cir.), *cert. denied*, —— U.S. ——, 117 S.Ct. 956, 136 L.Ed.2d 842 (1997).

■ When the case returned to the district court, Hoffmeyer, in his new role as the prevailing party, moved for attorney fees, pursuant to 17 U.S.C. § 505. The district court granted fees, as it had discretion to do. The problem, however, is that, with limited exceptions, we cannot tell how that discretion was exercised,[1] so we must, reluctantly, send

---

1. The order granting fees, in its entirety, said:

It appears clear in this record that defendant Richard Hoffmeyer has ultimately prevailed in the defense of the copyright infringement claim asserted against Mr. Hoffmeyer by plaintiff Harris Custom Builders, Inc. in this action and appropriately is deemed the prevailing party, *Harris Custom Builders v. Hoffmeyer*, 92 F.3d 517

the case back to the district court for a do-over.

■ During the time this case has been pending,[2] the Supreme Court resolved a split in the circuits regarding what a prevailing defendant must show to obtain fees under § 505. The Court determined that an "even-handed" approach is appropriate. No distinction is to be made in the award of fees between prevailing *plaintiffs* and prevailing *defendants*. This means that in order to obtain fees, a prevailing defendant need not show that the case was brought in bad faith or that it was frivolous, as was the case in this circuit before the Supreme Court spoke. *See Video Views, Inc. v. Studio 21, Ltd.*, 925 F.2d 1010 (7th Cir.1991). However, although the Supreme Court declined to follow our approach, it also declined to adopt the British rule, which would have meant that the prevailing party would receive fees as a matter of course. Rather, whether to grant fees is left to the judge's discretion:

> Prevailing plaintiffs and prevailing defendants are to be treated alike, but attorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion.

*Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534, 114 S.Ct. 1023, 1033, 127 L.Ed.2d 455 (1994).

The Supreme Court did not precisely articulate what should guide a district judge's exercise of that discretion. It did, however, cite *Lieb v. Topstone Industries, Inc.*, 788 F.2d 151, 156 (3rd Cir.1986), with approval in a footnote, for a nonexclusive list of factors which could be considered. They include "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance consider-

ations of compensation and deterrence." 510 U.S. at 534 n. 19, 114 S.Ct. at 1033 n. 19.

In the present case, what the district court relied on was that the award was for work done on the copyright claims only, not on any of Hoffmeyer's counterclaims, and that the court itself had prolonged the litigation by making an incorrect decision on Harris' summary judgment motion.

■ The court's conclusion that fees could be awarded only for the copyright claim, which is the one on which Hoffmeyer prevailed, is correct. However, its conclusion that fees were appropriate, in effect, to make up for the court's erroneous ruling is not. How the court ruled, simply put, is not a proper concern. A party who propounds a reasonable claim should not be penalized, whether or not the judge buys the claim or whether the judge's decision is upheld or reversed on appeal. Conversely, a party who propounds an unreasonable or frivolous claim can be penalized regardless of how the district court rules. Harris' claim involved a confusing issue of law which in this circuit was unsettled, and we do not think the position it advanced could be considered unreasonable. The fact that the district court here decided one way and we decided another should not, by itself, affect the fee award to Hoffmeyer.

Harris urges other reasons why Hoffmeyer is not entitled to fees. One is that Hoffmeyer failed to mitigate his fees because he failed to accept a settlement offer. We have previously touched on the relevance of settlement offers to the analysis of § 505 fees. In *Budget Cinema, Inc. v. Watertower Associates*, 81 F.3d 729 (7th Cir.1996), we considered whether the fact that a prevailing defendant—Watertower—offered Budget $15,000 to settle the case was a basis, first for think-

(7th Cir.1996), *cert. denied*, —— U.S. ——, 117 S.Ct. 956, 136 L.Ed.2d 842 (1997). Mr. Hoffmeyer seeks attorneys fees and costs as the prevailing party under 17 U.S.C. § 505 only to the extent those attorneys fees and costs were expended in that defense and not in pursuit of any claims or defenses upon which Mr. Hoffmeyer did not prevail.

This court in its equitable discretion believes that an award under 17 U.S.C. § 505 in Mr. Hoffmeyer's favor should be ordered under all of the circumstances especially in light of this

court's previous error in accepting plaintiff's erroneous arguments which prompted this court's ruling against Mr. Hoffmeyer's position. That decision prolonged this litigation in error. Mr. Hoffmeyer is properly entitled to all the attorney's fees and costs he seeks to recover.

**2.** It was filed on February 7, 1990; judgment was entered for Harris in the district court on July 20, 1995; our decision reversing that judgment was entered August 8, 1996.

ing that Watertower knew it had done some-thing wrong, and secondly for concluding that therefore Watertower was not entitled to an award of fees. We noted that parties make settlement offers for all sorts of reasons. It is not reasonable, and, in fact, it is rather odd to assume that an ultimately prevailing party who offers to settle a case does so only because it knows it is in the wrong. Under the circumstances in *Budget,* we concluded that the fact that a prevailing defendant had made a settlement offer was not a basis for denying fees to that party. It seems to us, however, that an unreasonable rejection of a serious settlement offer might under some circumstances be a factor which could be considered in assessing the reasonableness of a fee request. We leave the evaluation of the circumstances in the case presently before us to the district judge who will have better access to the facts than we do. He can determine whether Hoffmeyer's rejection of the offer was reasonable and whether that rejection should play into the analysis of the fee issue.

In addition, there are other factors in this case which should be considered in the court's exercise of discretion. We will mention a few, emphasizing that there may well be more. For example, one element in evaluating fee requests may be the reasonableness of the time expended on the case. *See, e.g., Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). Another is an equitable consideration: the cantankerous nature of this litigation and the apparently sanctionable conduct in which Hoffmeyer engaged. If the district judge is convinced that Hoffmeyer was, in fact, a party to destruction of evidence, as Harris alleges, or any other sanctionable conduct, that conduct should be considered in determining the amount of a fee award, or indeed in deciding whether fees should be awarded at all. Unfortunately, sometimes the prevailing party will also be a party who misbehaved during the course of the litigation. We make no judgment whether that is true here, but if it is, the conduct should be considered.

With these brief comments we send this case back to the very able district judge, who is more familiar with it than he probably wants to be, for his comments, which need not be extensive, on how his discretion is being exercised. No costs are awarded.

VACATED and REMANDED.