In the

# United States Court of Appeals

### For the Seventh Circuit

No. 01-4090

DAVID B. GONZALES,

*Plaintiff-Appellant,*

v.

TRANSFER TECHNOLOGIES, INC.,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 00 C 3969—**Charles P. Kocoras**, *Chief Judge.*

SUBMITTED JULY 25, 2002—DECIDED AUGUST 23, 2002

Before POSNER, KANNE, and EVANS, *Circuit Judges.*

POSNER, *Circuit Judge.* Gonzales owns copyrights on several designs intended to be imprinted on T-shirts. Without bothering to get a license from him the defendant produced and sold temporary tattoos that copy his designs, infringing four of his copyrights. When he discovered the infringements he sued the defendant, which promptly stopped producing and selling the infringing tattoos. By agreement of the parties the case was submitted to the judge on a paper record. He awarded Gonzales the minimum statutory damages of $750 (see 17 U.S.C. § 540(c)(1)) for each of the infringed copyrights, for a total of $3,000 (Gonzales did

not seek an award of actual damages), but he declined to award Gonzales any attorneys' fees (see 17 U.S.C. § 505), on the ground that "Transfer's actions, though willful, are not the kind of flagrant behavior that would justify an award of attorneys' fees." Gonzales appeals from this ruling.

Section 505 of the Copyright Act does not set forth a standard for awarding attorneys' fees to a prevailing party; it merely authorizes such awards. In *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994), the Supreme Court was asked to align interpretation of section 505 with that of the civil rights attorneys' fees awards act, 42 U.S.C. § 1988, under which a prevailing plaintiff is entitled to fees virtually as a matter of course but a prevailing defendant only if the suit is frivolous. E.g., *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978); *Kahn v. Gallitano*, 180 F.3d 829, 837 (7th Cir. 1999); *National Home Equity Mortgage Ass'n v. Face*, 283 F.3d 220, 224 (4th Cir. 2002). The Court in *Fogerty* reasoned that copyright defenses are as important as copyright claims (a successful defense enlarges the public domain, an important resource for creators of expressive works) and therefore there should be no thumb on the scales. It did not define the unitary standard to be applied to prevailing parties in copyright suits but in a footnote, quoting a lower-court opinion, listed the following non-exclusive factors to guide determination: "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance consideration of compensation and deterrence." *Fogerty v. Fantasy, Inc., supra*, 510 U.S. at 535 n. 19.

Since the factors aren't exclusive, and seem rather miscellaneous and ill-assorted, they leave the decision on whether to grant or deny attorneys' fees to the prevailing party in a copyright case pretty much to the discretion of the district judge, subject to necessarily highly deferential appellate

review—for the vaguer a standard to be applied by a trial judge, the greater his roaming room. But we do have to insist that the judge explain the grounds for his decision in sufficient depth to enable their reasonableness to be determined; otherwise there would be no appellate control at all over such decisions. And so we have not hesitated in the past to remand section 505 determinations when the district judge had not supplied us with sufficient indication of his reasoning process to enable us to decide whether the determination was reasonable. *Susan Wakeen Doll Co., v. Ashton-Drake Galleries*, 272 F.3d 441, 457-58 (7th Cir. 2001); *Harris Custom Builders, Inc. v. Hoffmeyer*, 140 F.3d 728, 730-31 (7th Cir. 1998); *FASA Corp. v. Playmates Toys, Inc.*, 108 F.3d 140, 144 (7th Cir. 1997); *Budget Cinema, Inc. v. Watertower Associates*, 81 F.3d 729, 731-32 (7th Cir. 1996); *Magnuson v. Video Yesteryear*, 85 F.3d 1424, 1432 (9th Cir. 1996); *Historical Research v. Cabral*, 80 F.3d 377, 379 (9th Cir. 1996) (per curiam).

This is such a case. The fact that Transfer did not persist in its infringing activities after being sued is no doubt a point in its favor, but without amplification is not a strong one. The fact that a criminal does not persist in committing crimes after he's indicted doesn't argue strongly in his favor. The infringement was willful; and willful infringements involving small amounts of money cannot be adequately deterred (and remember "the need in particular circumstances to advance consideration of . . . deterrence") without an award of attorneys' fees. No one can prosecute a copyright suit for $3,000. The effect of the district court's decision if universalized would be to allow minor infringements, though willful, to be committed with impunity, to be in effect privileged, immune from legal address. The smaller the damages, provided there is a real, and especially a willful, infringement, the stronger the case for an award of attorneys' fees. We urge this point (and we are not the first to make it—see, e.g., *Magnuson v. Video Yesteryear, supra*, 85

F.3d at 1432; *Quinto v. Legal Times of Washington, Inc.*, 511 F. Supp. 579, 581 (D.D.C. 1981); Paul Goldstein, *Copyright* § 12.3.2.2 (2d ed. **2002**); Melville B. Nimmer and David Nimmer, *Nimmer on Copyright* § 14.10 (2002)—not as a rule to be mechanically applied but rather as a consideration for district judges to weigh seriously; we go so far as to suggest, by way of refinement of the *Fogerty* standard, that the prevailing party in a copyright case in which the monetary stakes are small should have a presumptive entitlement to an award of attorneys' fees. The judge in this case may have had a good reason to find the presumption rebutted but this we cannot tell from his extremely brief discussion. The case must therefore be remanded for further consideration consistent with this opinion.

VACATED AND REMANDED.

A true Copy:

      Teste:

_____
*Clerk of the United States Court of
Appeals for the Seventh Circuit*