GMA ACCESSORIES, INC.,
Plaintiff–Appellant,

v.

OLIVIA MILLER, INC.,
Defendant–Appellee.

Docket No. 04–4465–CV.

United States Court of Appeals,
Second Circuit.

July 5, 2005.

John P. Bostany, the Bostany Law Firm, New York, NY, for Plaintiff–Appellant.

Dwight Yellen, Ballon Stoll Bader & Nadler, P.C. (Natalie Marcus, on the brief), New York, NY, for Defendant–Appellee.

PRESENT: MINER, CALABRESI, Circuit Judges, AMON, District Judge.*

**SUMMARY ORDER**

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED.**

GMA Accessories, Inc. ("GMA") appeals the district court's award of $2,000 in statutory damages and $5,000 in attorney's fees in its copyright infringement action against Olivia Miller, Inc. ("Olivia Miller"). GMA argues (1) that the district court erred in finding that Olivia Miller's admitted infringement was not willful within the meaning of the Copyright Act, 17 U.S.C. § 504(c)(2); and (2) that the district court's fee award was too low, in light of Olivia Miller's assertion of a frivolous defense and its failure to comply fully with the terms of a preliminary injunction. For the reasons stated below, we affirm the district court's judgment.

*Background*

Olivia Miller manufactures and imports casual footwear that it then sells to retailers and other wholesalers. Sometime in late fall 2002, Olivia Miller was approached by a representative of Deb Shops, a retailer and customer of Olivia Miller's, with a request to replicate a floral pattern on a "flip-flop." It appears as though the model flip-flop that the Deb Shops representative presented to Olivia Miller did not contain a copyright notice. Rather, a copyright notice had apparently been placed only on the connecting "hang-tag," which was not attached to the flip-flop that the Deb Shops representative presented. Olivia Miller agreed to replicate the design, and Deb Shops placed an initial order of 600 pairs, with a back-up order of an additional 600 pairs if necessary. Deb Shops eventually returned 132 of the flip flops, leaving Olivia Miller with a profit of $712.20.

GMA creates original designs that it places on clothing and footwear. One such GMA design was the floral pattern that Olivia Miller agreed to replicate for Deb Shops. According to GMA, a GMA employee noticed the design at issue on a flip-flop on sale at a Rockland County retail store on June 8, 2003. Just over three weeks later, on June 30, 2003, GMA began the present suit charging Olivia Miller with copyright infringement in violation of the Copyright Act.[1]

---

* The Honorable Carol Bagley Amon, United States District Court for the Eastern District of New York, sitting by designation.

1. Deb Shops was an original defendant, but GMA voluntarily dismissed its claims against Deb Shops on July 10, 2003. The complaint also charged Olivia Miller with trade dress infringement under the Lanham Act, 15 U.S.C. § 1125(a), and unfair competition. GMA withdrew the trade dress claim on October 27, 2003. The unfair competition claim

The following day, Chief Judge Mukasey issued a "show-cause order" to Olivia Miller, with a hearing set for July 10, 2003. As no representative of Olivia Miller attended the show-cause hearing, the Chief Judge issued a default preliminary injunction against Olivia Miller. The order enjoined Olivia Miller from, inter alia, importing, manufacturing, selling, or marketing merchandise containing the allegedly infringing design. The order also required Olivia Miller to forward a copy of the preliminary injunction to its supplier and to those of its customers who had received merchandise bearing the allegedly infringing design.

Apparently satisfied by a representation from a Deb Shops employee that it would not be difficult to settle the conflict with GMA, Olivia Miller did not forward a copy of the preliminary injunction either to its customers or to its supplier, and did not file an answer to GMA's complaint until August 22. In its answer, Olivia Miller denied GMA's claims and argued, inter alia, that GMA had failed to state a cause of action, that GMA did not own the copyright, and that the allegedly infringing designs were "independently created." On October 3, 2003, GMA filed a motion for contempt, having learned in mid-September that Olivia Miller had not fully complied with the preliminary injunction.

In early November 2003, Olivia Miller conceded liability. At a December 10 damages hearing, the district court found that Olivia Miller's infringement was not willful, and set statutory damages at $2,000. At a June 2004 attorney's fees hearing, the court awarded GMA $5,000 in fees, against its claim of $37,000. GMA appeals the size of both the damages award and of the attorney's fees granted. Specifically, GMA argues that the court's damages award is premised in part on an

incorrect finding of non-willfulness. GMA also contends that the court should have ordered payment to it of the fees expended in attempting to secure Olivia Miller's compliance with the preliminary injunction.

### 1. Willful Infringement

We review a district court's factual determination of willful copyright infringement for clear error. *Hamil America, Inc., v. GFI,* 193 F.3d 92, 97 (2d Cir.1999). In so doing, we "give particular deference to determinations regarding witness credibility." *Id.* "The standard is simply whether the defendant had knowledge that its conduct represented infringement or perhaps recklessly disregarded that possibility." *Id.* (internal quotation marks omitted). Knowledge that an infringer's conduct represents infringement may be either actual or "constructive." *Island Software & Computer Serv. v. Microsoft Corp.,* 413 F.3d 257, 264 (2d Cir.2005) (noting that a plaintiff can prove willfulness "by proffering circumstantial evidence that gives rise to an inference of willful conduct").

We cannot say on this record that the district court's determination that Olivia Miller's copyright infringement was non-willful was clearly erroneous. Chief Judge Mukasey based his finding on the testimony of the Olivia Miller sales manager, that the floral pattern she was shown did not bear a copyright notice. The court also noted, moreover, that Olivia Miller had never before been sued for copyright infringement, and generally is "diligent about assuring that it does not reproduce protected designs." A reasonable trier of fact could have concluded, as the district court did, that Olivia Miller neither had knowledge that its actions represented in-

was not addressed by the district court and is    not raised before us.

fringement nor had recklessly disregarded the possibility.[2]

■ GMA contends that Olivia Miller's failure to comply with the terms of the July 2003 preliminary injunction "goes beyond innocent ignorance." To be sure, we have held that an infringer's demonstrated awareness of the plaintiff's allegations can constitute constructive knowledge sufficient to compel a finding of willfulness. *See, e.g., N.A.S. Import Corp. v. Chenson Enters.*, 968 F.2d 250, 252–53 (2d Cir.1992) (reversing the district court's finding of non-willful infringement where the defendant's attorney sent a letter promising to cease infringing and the infringement, instead, continued). The district court took notice of Olivia Miller's failure to circulate timely a copy of the preliminary injunction to its customers and its supplier. But the court noted in connection with this failure that Olivia Miller's sales manager had relied on a statement of a Deb Shops representative that, as the district court stated, allowed Olivia Miller to believe that "the matter was minor and was being worked out." In light of the record in its entirety, the district court was free to infer from these facts that Olivia Miller's infringement was not willful. *See Anderson v. Bessemer City*, 470 U.S. 564, 574, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.").[3]

### 2. Attorney's Fees

■ We review a district court's award of attorney's fees for abuse of discretion. *Crescent Publ'g Grp. v. Playboy Enters.*, 246 F.3d 142, 146 (2d Cir.2001). We have described the scope of our review of fees awards as "highly deferential." *Id.* (quoting *Alderman v. Pan Am World Airways*, 169 F.3d 99, 102 (2d Cir.1999)). The Supreme Court has held that "[t]here is no precise rule or formula" for determining a proper attorney's fees award, but that "equitable discretion should be exercised in light of the considerations [the Court has] identified." *Fogerty v. Fantasy*, 510 U.S. 517, 534, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994) (internal quotation marks omitted). These considerations include " 'frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.' " *Crescent Publ'g Grp.*, 246 F.3d at 147 (quoting *Fogerty*, 510 U.S. at 534 n. 19, 114 S.Ct. 1023).

In setting a fee award of $5,000, the district court relied on, inter alia, GMA's three-week delay in bringing its suit; the small size of actual damages; the limited scope of the infringement; and counsel's belated attempt to accept an offer of judgment only after learning of the size of the statutory damages award. Chief Judge Mukasey did not abuse his discretion in awarding less than the full measure of attorney's fees sought. *Cf. Gonzales v.*

---

**2.** We note in passing that even were we to reverse the district court's finding that Olivia Miller's infringement was not willful, it would not necessarily alter the damages award. *See* 17 U.S.C. § 504(c)(2) (providing that the power to increase a statutory damages award based on a finding of willful infringement rests within the discretion of the district court).

**3.** We note, moreover, that whether Deb Shops, in failing promptly to forward a copy of the preliminary injunction to its customers and its supplier, was guilty of continuing infringement is not clear. Lacking any allegation—much less a district court finding—that Olivia Miller violated the Copyright Act after the date of the preliminary injunction, we cannot find clear error in the district court's finding that failure to comply was not willful infringement.

*Transfer Techs.*, 301 F.3d 608 (7th Cir. 2002) (vacating and remanding for reconsideration where a district court granted no attorney's fees at all).

We have considered all of GMA's arguments and find them to be without merit. We therefore AFFIRM the judgment of the district court.