**BUDGET CINEMA, INCORPORATED,**
Plaintiff–Appellee,

v.

**WATERTOWER ASSOCIATES and**
McCloud Construction, Incorpo-
rated, Defendants–Appellants.

No. 95–3138.

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 13, 1996.

Decided April 17, 1996.

Michael B. Apfeld (argued), Jane C. Schlicht, Godfrey & Kahn, Milwaukee, WI, for plaintiff-appellee.

Joseph E. Fenzel, Donald A. Allen, Domnitz, Mawicke, Goisman & Rosenberg, John P. Fredrickson (argued), Nilles & Nilles, Milwaukee, WI, for defendants-appellants.

Before CUMMINGS, BAUER and MANION, Circuit Judges.

CUMMINGS, Circuit Judge.

The district court denied the recovery of attorney's fees under 17 U.S.C. § 505 to the prevailing defendants in this copyright infringement action. Because the district court failed to apply the appropriate legal standard under *Fogerty v. Fantasy, Inc.,* —— U.S. ——, 114 S.Ct. 1023, 127 L.Ed.2d 455, we reverse its decision and remand for a determination of reasonable attorney's fees.

## I.

Defendant Watertower Associates ("Watertower") is the developer of a 73–acre parcel in Brookfield, Wisconsin. A proposed use for part of this parcel was a movie theater to be called Watertower Cinemas. In October 1992 plaintiff Budget Cinemas, Incorporated ("Budget") offered to purchase seven acres of this land for the movie theater. Watertower accepted the offer, which was contingent upon the Town of Brookfield granting the necessary regulatory approvals for construction of the theater. In order to ensure approval, Budget hired ArchDesign, Ltd. to draw plans for the theater. Those plans were completed in November 1992 and were submitted by Budget to the Town of Brookfield, which initially denied approval.

While continuing to seek approval for the project in summer 1993, Budget's president, Kenneth Gruel, learned that ArchDesign had done some work on a movie theater in Oak Creek, Wisconsin, for the principals of defendant Value Cinema of Brookfield, Inc. ("Value Cinema"). Consequently, Gruel fired ArchDesign, leaving the development without a project architect. Defendant McCloud Construction, Inc. was the general contractor on the Watertower Cinemas development. McCloud sent Budget to another architectural firm, the Cerreta Group, to prepare drawings for the Watertower Cinemas for a September 1993 presentation to the Town of Brookfield. Rick Berzowski, a Cerreta Group architect, prepared drawings using ArchDesign's plans, which Gruel had given him.

Between September 1993 and September 6, 1994, Watertower's attorney, Cerreta employees and Watertower's engineering consultants appeared before the Town of Brookfield to obtain the required approval, which was given on September 6, 1994. However, Budget's offer to purchase the seven-acre parcel from Watertower Associates had expired prior to approval. Nonetheless, Watertower offered the development to Budget on the same terms as Budget's October 1992 offer, but Budget declined, apparently because of doubts of the financial feasibility of the project. In September 1994, Watertower completed negotiations with Value Cinema, another discount theater operator interested in the same seven-acre parcel. The Cerreta Group remained the principal architect for the Value Cinema's project but backed out

by the end of October 1994. Value Cinema then employed ArchDesign to rejoin the project and prepare drawings for a theater based on the design that the Town of Brookfield had approved.

In January 1995, Budget sued Watertower, McCloud Construction, Inc., Value Cinema, ArchDesign's Frank J. Richardson and ArchDesign, alleging that Budget owned the copyright on the Cerreta Group's architectural plans. Budget sought injunctive relief, treble damages, statutory damages of $100,000, punitive damages, and attorney's fees. Two weeks prior to filing suit, Budget had submitted a copyright application for the architectural plans, even though Budget had not asked the Cerreta Group for an assignment of its prior copyright ownership. One week after the complaint was filed, the Cerreta Group signed a document assigning ownership in the plans to Budget.

In March 1995 the district court dismissed Budget's suit on the merits because it found no valid assignment by Cerreta of any copyright interest to Budget before Budget filed its copyright registration or its complaint. However, the district court denied defendants' motion for attorney's fees after a telephone conference on July 28, 1995. Defendants Watertower and McCloud Construction appeal the denial of attorney's fees.

## II.

The Copyright Act provides that "the court may ... award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. Prior to 1994, several courts of appeals, including ours, adopted a dual standard under Section 505 whereby a greater burden was placed upon prevailing defendants than on prevailing plaintiffs to recover attorney's fees. Prevailing defendants in copyright cases had to show bad faith or frivolousness to recover attorney's fees. *Video Views, Inc. v. Studio 21, Ltd.*, 925 F.2d 1010, 1022 (7th Cir.1991), certiorari denied, 502 U.S. 861, 112 S.Ct. 181, 116 L.Ed.2d 143. However, in 1994 the Supreme Court in *Fogerty v. Fantasy, Inc.*, —— U.S. ——, 114 S.Ct. 1023, 127 L.Ed.2d 455, rejected the dual standard and ruled that prevailing plaintiffs and prevailing defendants are to be treated alike under Section 505. The Court stated that no precise formula governs the determination, but instead equitable discretion should be exercised. *Id.* at 1033. It noted several nonexclusive factors to guide courts' discretion: frivolousness, motivation, objective unreasonableness (both factual and legal components), and the need in particular circumstances to advance considerations of compensation and deterrence. *Id.* at 1033 n. 19. We endorse these factors along with the other courts of appeals that have applied Section 505 post-*Fogerty*. *Superior Form Builders, Inc. v. Chase Taxidermy Supply Co.*, 74 F.3d 488, 498 (4th Cir.1996); *Knitwaves, Inc. v. Lollytogs, Ltd.*, 71 F.3d 996, 1011–1012 (2d Cir.1995); *Mary Ellen Enters. v. Camex, Inc.*, 68 F.3d 1065, 1072 (8th Cir.1995); *Jackson v. Axton*, 25 F.3d 884, 890 (9th Cir.1994). We will reverse a district court's determination if it either applied the wrong legal standard or abused its discretion. *Knitwaves*, 71 F.3d at 1012.

It is apparent from the transcript of the July 28, 1995, telephone conference that the district court failed to apply the *Fogerty* factors, even though it did mention *Fogerty*. The transcript reveals essentially four reasons why the court denied defendants' motion. First, Budget was not sufficiently familiar with the facts of the case prior to filing suit, both because Budget's president Gruel did not have a thorough understanding of copyright law and because Gruel was represented by different counsel when pursuing the theater project and when pursuing litigation.[1] Second, a settlement offer made to

---

1. THE COURT:
* * *

First of all, the matter that came before the court I genuinely believe from the standpoint of Mr. Gruel in particular was pursued without a thorough understanding of copyright law as it may have applied to his plans. Likewise, the court is acutely aware of the fact that Mr.

Gruel during the initial pursuit of this theater project was not represented by the same counsel that represented him in connection with this particular piece of litigation.

And what I find as a consequence of that is that there was not the degree of communication that one might ordinarily expect, a review

Budget indicated that Watertower knew it had done something wrong.[2] Third, equitable considerations counseled against awarding attorney's fees since Budget had already suffered losses from the denial of injunctive relief; the fact that Watertower could have foreseen the outcome of the case begged the question who "ought" to pay attorney's fees.[3] Finally, the litigation involved was not protracted.[4]

Not one of these reasons relates to the *Fogerty* factors, save the possibility that the first (Budget's ignorance of the facts) convinced the district court that Budget was not motivated by malice or the like. But *Fogerty*'s eradication of the dual standard makes clear that lack of bad faith is not sufficient to deny attorney's fees. We see no merit in adding the district court's other reasons onto the nonexclusive list of factors under *Fogerty*. As to the court's second reason, a settlement offer, rather than being evidence of the objective reasonableness of a lawsuit, is as here frequently an economic decision about the comparative costs of proceeding with litigation. As to the third, it is wholly irrelevant that Budget may have suffered some loss from the denial of injunctive

relief; loss on the merits should cut the other way in awarding attorney's fees. Finally, the court's suggestion that the nonprotracted nature of this litigation counsels against awarding attorney's fees is improper. If anything, the duration of the litigation might be relevant to the objective unreasonableness of a party's claim. It is certainly not proper to hold that a party involved in minor copyright litigation has any less of an entitlement under Section 505 than a party involved in protracted copyright litigation.

Applying the appropriate factors, we conclude that defendants were entitled to an award of reasonable attorney's fees under Section 505. Although there is little indication of actual bad faith on the part of Budget, the record demonstrates quite clearly that Budget's case against defendants was objectively unreasonable, both factually and legally. Budget filed both its copyright registration and its complaint in the district court without having any ownership interest in Cerreta's prior copyright. Prior to filing the registration, Budget had no communications with Cerreta regarding intellectual property rights, nor was a writing executed transfer-

---

of underlying documentation or a determination that such documentation did not exist.
* * *

(Tr. at p. 8).

**2. THE COURT:**
* * *

In other words, I find it to be more than interesting that well over a month before the actual hearing in this case Mr. Fenzel on behalf of Watertower was willing to offer $15,000 to obtain the rights to these plans.

And obviously that offer, whether predicated on a misconception of the facts or an absence of an understanding of facts or ignorance of the facts simply to make this case go away and proceed with construction is sort of beside the point. What it does give credence to is a recognition by Watertower Associates that whether you consider it palming off Budget's plans or appropriating Budget's plans, whether they were copyrighted or not, somebody else put an awful lot of work into those plans before Watertower ever saw their application to their building this theater project out in Waukesha County.
* * *

(Tr. at p. 9).

**3. THE COURT:**
* * *

[T]his simply in equity is not an appropriate case for the court to pile on, as it were, and further attenuate the loss that Mr. Gruel suffered in my denial of injunctive relief.

Against the backdrop of the reality that the defendant had the benefit of those plans, had the benefit whether through counsel or independently prior to the March hearing, including discovery, to reach the same conclusion that ultimately the court did without having to put their client through spending two days in a courtroom I think really begs the question about who ought to be responsible for attorney's fees in a case of this nature.
* * *

(Tr. at p. 10).

**4. THE COURT:**
* * *

[I]t would be an unwise exercise of the court's discretion to award attorney's fees in this particular case, knowing that the case was terminated early on. Yes, there was a hearing; but there wasn't an awful lot of discovery taken nor was this a protracted proceeding. There was a short fuse with regard to discovery and the like, and counsel did proceed apace with regard to the evidentiary hearing.
* * *

(Tr. at p. 11).

ring Cerreta's copyright rights to Budget. A valid transfer must be in writing. 17 U.S.C. § 204(a). Only after the complaint was filed did Cerreta and Budget execute a written transfer of rights. Because there was no evidence that Budget discussed the rights to the work with Cerreta prior to the registration, Budget cannot invoke the rule that later execution of a writing which confirms an earlier oral agreement is enforceable under Section 204(a). See *Imperial Residential Design, Inc. v. Palms Dev. Group, Inc.*, 70 F.3d 96, 99 (11th Cir.1995). Further, significant questions existed regarding the validity of the Budget copyright. First, Cerreta's drawings may well have been derivative works based on ArchDesign's prior drawings—a fact that Budget neglected to mention in its copyright registration. Second, Budget falsely stated that Cerreta was the author of the entire work filed by Budget with the Copyright Office. Finally, Budget stated in the registration that it had purchased all rights in the work from Cerreta—a representation which at the time was false.

Budget's complaint is objectively unreasonable in other respects as well. Budget was not entitled to statutory damages or attorney's fees because the alleged infringement commenced before the effective date of Budget's copyright registration. The Copyright Act does not permit the recovery of statutory damages and attorney's fees in such situations. 17 U.S.C. § 412. Here Budget complains that the infringing plans were dated November 17, 1994, and Budget's certificate of copyright was December 28, 1994, after the alleged infringement commenced. Budget's registration certificate is also beyond three months from the date of the alleged first publication. *Hays v. Sony Corp. of Am.*, 847 F.2d 412, 415 (7th Cir. 1988). Budget also sought treble damages and punitive damages in this copyright infringement action. However, the Copyright Act contains no provision for treble damages, *Nintendo of Am., Inc. v. Aeropower Co., Ltd.*, 34 F.3d 246, 251 (4th Cir.1994), and punitive damages are similarly unavailable in such suits. *Hays*, 847 F.2d at 415.

### III.

Although we do not hold that attorney's fees must be awarded under Section 505 in every case, we are convinced that the district court abused its discretion by failing to award attorney's fees based on the objective unreasonableness of Budget's complaint. Accord *Diamond Star Bldg. Corp. v. Freed*, 30 F.3d 503, 507 (4th Cir.1994). The judgment denying the award of attorney's fees is reversed and the case remanded for a determination of these defendants' reasonable attorney's fees.