# In the
# United States Court of Appeals
## For the Seventh Circuit

No. 03-2061

ASSESSMENT TECHNOLOGIES OF WI, LLC,

*Plaintiff-Appellee,*

*v.*

WIREDATA, INC.,

*Defendant-Appellant.*

---

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 01-C-789—**Aaron E. Goodstein**, *Magistrate Judge.*

---

SUBMITTED DECEMBER 24, 2003—DECIDED MARCH 17, 2004

---

Before POSNER, DIANE P. WOOD, and EVANS, *Circuit Judges.*

POSNER, *Circuit Judge.* In reversing the judgment for the plaintiff in this suit for copyright infringement, we described it as a case "about the attempt of a copyright owner to use copyright law to block access to data that not only are neither copyrightable nor copyrighted, but were not created or obtained by the copyright owner; the owner is trying to secrete the data in its copyrighted program—a program the existence of which reduced the likelihood that the data would be retained in a form in which they would have been readily accessible." 350 F.3d 640, 641-42 (7th Cir. 2003). We added: "It would be appalling if such an attempt could succeed." *Id.* at 642. And it did not succeed.

Before us now is the defendant's motion for an award of attorneys' fees incurred by it in defending the suit both in the district court and in our court. The Copyright Act authorizes the award of a reasonable attorney's fees to the prevailing party in a suit under the Act. 17 U.S.C. § 505. And unlike civil rights suits, where while a prevailing plaintiff is presumptively entitled to an award of fees a prevailing defendant is entitled to such an award only if the suit was groundless, e.g., *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412 (1978); *Johnson v. Daley*, 339 F.3d 582, 587 (7th Cir. 2003) (en banc), in copyright suits "prevailing plaintiffs and prevailing defendants are to be treated alike." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994). The reason is that the plaintiff in such a suit is not a little guy suing a big guy—an employee suing an employer—but often the reverse. For such a suit pits a property owner against an individual or firm that will often be, and in this case is, someone who seeks to enforce not a property right—a right to exclude that may generate big profits—but nonexclusive access to the intellectual public domain. The public interest in that access is as great as the public interest in the enforcement of copyright; this is shown by the restrictions with which copyright is hedged about, of which the most pertinent is that, as we pointed out in our original opinion, once work enters the public domain it cannot be appropriated as private (intellectual) property. 350 F.3d at 643; *Feist Publications, Inc. v. Rural Telephone Service Co.*, 499 U.S. 340, 348 (1991); *Country Kids'N City Slicks, Inc. v. Sheen*, 77 F.3d 1280, 1287 (10th Cir. 1996); *Norma Ribbon & Trimming, Inc. v. Little*, 51 F.3d 45, 47 (5th Cir. 1995); *Engineering Dynamics, Inc. v. Structural Software, Inc.*, 26 F.3d 1335, 1344 (5th Cir. 1994); *Computer Associates International, Inc. v. Altai, Inc.*, 982 F.2d 693, 710 (2d Cir. 1992); 3 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 13.03[F][4], p. 13-141 (2004);

see also *Aronson v. Quick Point Pencil Co.*, 440 U.S. 257, 262 (1979); *Gonzales v. Transfer Technologies, Inc.*, 301 F.3d 608, 609 (7th Cir. 2002).

The courts have not said, however, that the symmetry of plaintiff and defendant in copyright cases requires a presumption that the prevailing party, whichever it is, is entitled to an award of attorneys' fees. They have instead left it to judicial discretion by setting forth a laundry list of factors, all relevant but none determinative. *Fogerty v. Fantasy, Inc., supra,* 510 U.S. at 534 n. 19; *McRoberts Software, Inc. v. Media 100, Inc.,* 329 F.3d 557, 571 (7th Cir. 2003); *Gonzales v. Transfer Technologies, Inc., supra,* 301 F.3d at 609; *Berkla v. Corel Corp.,* 302 F.3d 909, 923 (9th Cir. 2002); *Lotus Development Corp. v. Borland Int'l, Inc.,* 140 F.3d 70, 73-74 (1st Cir. 1998). The list, moreover, is nonexclusive, *Hogan Systems, Inc. v. Cybresource International, Inc.,* 158 F.3d 319, 325 (5th Cir. 1998), arguably dictum, *Matthew Bender & Co. v. West Publishing Co.,* 240 F.3d 116, 121 (2d Cir. 2001), and in need of simplification—a process begun in this circuit in *Gonzales v. Transfer Technologies, Inc., supra,* and continued here.

The two most important considerations in determining whether to award attorneys' fees in a copyright case are the strength of the prevailing party's case and the amount of damages or other relief the party obtained. If the case was a toss-up and the prevailing party obtained generous damages, or injunctive relief of substantial monetary value, there is no urgent need to add in an award of attorneys' fees. Cf. *Mathias v. Accor Economy Lodging, Inc.,* 347 F.3d 672, 677 (7th Cir. 2003). But if at the other extreme the claim or defense was frivolous and the prevailing party obtained no relief at all, the case for awarding him attorneys' fees is compelling. As we said with reference to the situation in which the prevailing plaintiff obtains only a small award of

damages, "the smaller the damages, provided there is a real, and especially a willful, infringement, the stronger the case for an award of attorneys' fees . . . . [W]e go so far as to suggest, by way of refinement of the *Fogerty* standard, that the prevailing party in a copyright case in which the monetary stakes are small should have a presumptive entitlement to an award of attorneys' fees." *Gonzales v. Transfer Technologies, Inc., supra*, 301 F.3d at 610; see also *Magnuson v. Video Yesteryear*, 85 F.3d 1424, 1432 (9th Cir. 1996). When the prevailing party is the defendant, who by definition receives not a small award but no award, the presumption in favor of awarding fees is very strong. See *Diamond Star Building Corp. v. Freed*, 30 F.3d 503, 506 (4th Cir. 1994). For without the prospect of such an award, the party might be forced into a nuisance settlement or deterred altogether from enforcing his rights.

We of course were not saying that the smaller the damages, the larger the fee. The fee is independent of the size of the damages. The point is only that when a meritorious claim or defense is not lucrative, an award of attorneys' fees may be necessary to enable the party possessing the meritorious claim or defense to press it to a successful conclusion rather than surrender it because the cost of vindication exceeds the private benefit to the party. The best illustration is in fact a case like this, where the party awarded the fees, being the defendant, could not obtain an award of damages from which to pay his lawyer—no matter how costly it was for him to defend against the suit.

Although the plaintiff managed to obtain a judgment from the district court, and so we do not go so far as to call the suit frivolous, the suit was marginal, as we explained in our opinion. The plaintiff was rather transparently seeking to annex a portion of the intellectual public domain. And since the prevailing party was the defendant, it obtained no

affirmative relief from its victory. Unless a party in that situation has a prospect for obtaining attorneys' fees, it will be under pressure to throw in the towel if the cost is less than his anticipated attorneys' fees. We suggested in our opinion that "for a copyright owner to use an infringement suit to obtain property protection, here in data, that copyright law clearly does not confer, hoping to force a settlement or even achieve an outright victory over an opponent that may lack the resources or the legal sophistication to resist effectively," could be a form of copyright misuse. 350 F.3d at 647. We did not reach the question whether the plaintiff's conduct rose to the level of actual copyright misuse, but we made clear that it came close, and an award of attorneys' fees to the defendant is an appropriate sanction. For illustrative cases, see *Budget Cinema, Inc. v. Watertower Associates*, 81 F.3d 729, 732-33 (7th Cir. 1996); *Bond v. Blum*, 317 F.3d 385, 397-98 (4th Cir. 2003) (a case in which misuse was found); *Coles v. Wonder*, 283 F.3d 798, 804 (6th Cir. 2002); *Edwards v. Red Farm Studio Co.*, 109 F.3d 80, 83 (1st Cir. 1997).

Most of the fees incurred by the defendant were incurred in the district court proceedings, and ordinarily that would argue compellingly for our limiting our award to the appellate fees and inviting the defendant to file in the district court a motion for the award of the fees that he incurred in that court. But in some cases in which detailed billing records of the applicant are submitted to the court of appeals, as the defendant has done in this case, and the opposing party has had a chance to rebut, as it has, we can make the full award and save the parties the added expense and the district judge the added bother of a separate fees proceeding in the district court. *Cengr v. Fusibond Piping Systems, Inc.*, 135 F.3d 445, 454 (7th Cir. 1998); *Nanetti v. University of Illinois*, 944 F.2d 1416, 1422 (7th Cir. 1991); *Ustrak v. Fairman*, 851 F.2d 983, 989 (7th Cir. 1988); *In re Thirteen Appeals*, 56

F.3d 295, 312 (1st Cir. 1995); cf. *Walz v. Town of Smithtown*, 46 F.3d 162, 170 (2d Cir. 1995). Such an approach furthers the principle that the fees tail should not be allowed to wag the merits dog too vigorously. *Ustrak v. Fairman, supra*, 851 F.2d at 987-88; see also *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

In all the cases cited, except *Hensley* and *Walz*, the court of appeals was fixing fees for services incurred in the district court as well, as we are asked to do here; and that might seem contrary to the principle that the award of fees is committed to the discretion of the court in which the services for which fees are being sought were rendered; for that is the court that observed the rendition of the services. Ordinarily, of course, discretion is to be exercised by the judicial officer to whom that discretion has been confided. *Icicle Seafoods, Inc. v. Worthington*, 475 U.S. 709 (1986). But the scope of a judicial officer's discretion varies with the circumstances. Sometimes it is broad, sometimes a mere point. In this case, because there is no room for disagreement over the reasonableness of the various fees sought by the defendant for the work in the district court, there is no discretion for the district court to exercise and so no purpose would be served by a remand.

The defendant's lawyer billed the defendant for 778.2 hours of work, up to and including the trial in the district court, at an average rate of $115 per hour, for a total of $88,374.35. The plaintiff does not question the total number of hours billed or the billing rate. But some of this work, the plaintiff contends and the defendant concedes, was allocable to the state court proceedings discussed in our opinion on the merits, and the defendant suggests that we reduce the total amount by a third, to $58,916.23, to reflect this fact. Our examination of the billing records persuades us that this is indeed the correct discount.

The defendant's lawyer billed the defendant another $7,849.05 for 68.7 hours of work spent challenging the plaintiff's request in the district court for an award of attorneys' fees, plus a flat fee of $7,500 for work on the wording of the injunction and another flat fee of $17,500 for representing the defendant on appeal. The defendant wants us to ignore the flat fees and award a larger fee based on the number of hours that the lawyer actually worked on the two matters.

The courts of appeals have split three ways on the question of the weight to be given to the terms of the contract between the party and his lawyer in determining an award of attorneys' fees in a copyright case. Compare *Pinkham v. Camex, Inc.*, 84 F.3d 292, 294 (8th Cir. 1996) (no weight), with *Crescent Publishing Group, Inc. v. Playboy Enterprises*, 246 F.3d 142, 144 (2d Cir. 2001) (some weight), with *Lieb v. Topstone Industries*, 788 F.2d 151, 156 (3d Cir. 1986) (controlling weight in the sense that the contract places a ceiling on what the court can award the lawyer). This court has not opined on the issue, but we think the Third Circuit has it right. The best evidence of the value of the lawyer's services is what the client agreed to pay him. See *Medcom Holding Co. v. Baxter Travenol Laboratories, Inc.*, 200 F.3d 518, 520 (7th Cir. 1999).

This conclusion may seem in tension with the decision of the Supreme Court in *Blanchard v. Bergeron*, 489 U.S. 87, 92-96 (1989), to decline to give controlling weight to the fees specified in contingent-fee contracts in civil rights cases. But the reason was related to the structure of contingent-fee contracts, and we are not dealing with such a contract in this case. Even a generous such contract will not yield a significant fee if the damages that the plaintiff obtains are slight: 40 percent of $1,000 is not enough to induce a competent lawyer to handle even a slam-dunk case. The lawyer

might nevertheless take on a contingency basis a case unlikely to yield more, if there were some probability of a larger award. And so one observes contingent-fee contracts in cases in which the likeliest recovery is small. In those cases, were it not for the expectation of an additional, court-ordered award if the suit was successful but yielded little in the way of damages, the plaintiff might not have been able to interest a lawyer in taking the case in the first place. So the percentage specified in the contract should not cap such awards. Conceivably, the fixed fees that the defendant's lawyer charged his client here were influenced by the prospect of a larger fee if the defendant won the case and persuaded the court to award fees, for his contract with the defendant required that any additional award be turned over to him. In the circumstances, however, the negotiated fees should be the ceiling. For work on the wording of the injunction, the defendant is seeking $9,973, which is almost $2,500 above the agreed-on $7,500 fee for this service, and strikes us as excessive. For the appeal, the defendant is seeking $42,056, a sum not unreasonable in itself, but supported by time sheets for only $5,031, which is less than a third of the flat fee of $17,500 that the lawyer charged.

That the defendant did not prevail on every single one of its contentions is no reason to cut down the award of fees, however. E.g., *Hensley v. Eckerhart, supra*, 461 U.S. at 440. As we pointed out recently, "a plaintiff is not to be denied full attorneys' fees merely because he lost some interim rulings en route to ultimate success. Such setbacks are well-nigh inevitable, and a lawyer who nevertheless was sedulous to avoid them might lose a good case through an excess of caution." *Alliance to End Repression v. City of Chicago*, 356 F.3d 767, 770 (7th Cir. 2004) (citations omitted).

To summarize, the plaintiff is ordered to pay the defendant a total of $91,765.28 ($58,916.23 + $7,849.05 + $7,500 + $17,500) in attorneys' fees.

A true Copy:

      Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*