# In the
# United States Court of Appeals
## For the Seventh Circuit

———————

No. 03-4158

WOODHAVEN HOMES & REALTY, INC.,

*Plaintiff-Appellee,*

v.

BARBARA HOTZ and DALE HOTZ,

*Defendants-Appellees,*

v.

DOUGLAS E. ROBBINS and
ROBBINS ELECTRIC, INC.,

*Defendants-Appellants.*

———————

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 01-C-778—**Rudolph T. Randa**, *Chief Judge.*

———————

ARGUED NOVEMBER 12, 2004—DECIDED JANUARY 28, 2005

———————

Before BAUER, MANION, and EVANS, *Circuit Judges.*

EVANS, *Circuit Judge.* This case, which began as a minor copyright infringement dispute, has mushroomed into a protracted fight over, what else, attorney fees. Woodhaven

Homes & Realty, Inc., sued a contractor, Robbins Electric, Inc.,[1] and homeowners Dale and Barbara Hotz, claiming they used Woodhaven's blueprints without permission to build the Hotzes' home. After Robbins prevailed on summary judgment, it moved for an award of costs and attorney fees under the Copyright Act, specifically 17 U.S.C. § 505. The district court denied the request, prompting this appeal.

First, a brief review of the facts. Woodhaven builds and sells homes. In 1998, it placed a model home in the "Parade of Homes," a promotional undertaking sponsored by the Metropolitan Builders Association of Greater Milwaukee. The Hotzes toured the home and then paid Woodhaven $1500 for customized blueprints. There was no written contract between the two. The Hotzes later took these plans to Robbins, who in turn built the Hotzes' home in Mukwonago, Wisconsin, outside the city of Milwaukee. In a written construction contract, the Hotzes warranted that they owned the plans and agreed to hold Robbins harmless "in any and all litigation arising out of copyright claims."

After catching wind of the construction, Woodhaven took Robbins and the Hotzes to court for copyright infringement and unjust enrichment. Robbins responded by filing a counterclaim to declare invalid Woodhaven's purported copyright. It also filed a cross-claim against the Hotzes for indemnification of its litigation expenses. In February of 2003, the district court entered summary judgment for Robbins regarding infringement. In June of 2003, the court entered summary judgment in favor of the Hotzes on Robbins' cross-claim, concluding that the hold-harmless agreement covered only damages, not attorney fees. Robbins then moved to recover attorney fees and costs from Woodhaven under 17

---

[1] The complaint also named as a defendant Douglas E. Robbins. We will refer to both defendants collectively as "Robbins."

U.S.C. § 505, a move the district court rejected. Woodhaven and the Hotzes eventually settled.

The primary issue on appeal is Robbins' efforts to recover its attorney fees from Woodhaven under § 505. The Copyright Act allows the award of reasonable attorney fees to a prevailing party. 17 U.S.C. § 505. The district court denied Robbins' request in light of the factors outlined by the Supreme Court in *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994). These nonexclusive factors include "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance consideration of compensation and deterrence." *Id.* at 534 n.19. The court concluded that Robbins should not be awarded fees because much of the work performed by its lawyers related to various defenses that were ultimately never addressed or resolved.

But in the time period since the district court's decision, we issued an opinion clarifying the *Fogerty* standard. In *Assessment Technologies of WI, LLC v. Wiredata, Inc.*, 361 F.3d 434, 436 (7th Cir. 2004), we held that prevailing defendants in copyright cases, like Robbins, are presumptively entitled (and strongly so) to recover attorney fees:

> [T]he prevailing party in a copyright case in which the monetary stakes are small should have a presumptive entitlement to an award of attorneys' fees. When the prevailing party is the defendant, who by definition receives not a small award but no award, the presumption in favor of awarding fees is very strong. For without the prospect of such an award, the party might be forced into a nuisance settlement or deterred all together from exercising his rights.

*Id.* at 437 (internal quotation and citations omitted). Robbins did prevail, but its victory was costly—it incurred over $220,000 in legal fees. In this case, like *Assessment*

*Technologies*, awarding attorney fees is appropriate because Robbins "could not obtain an award of damages from which to pay his lawyer no matter how costly it was for [it] to defend against the suit." 361 F.3d at 437.

The district court evaluated the fees issue without the benefit of *Assessment Technologies*. Accordingly, we remand the case with instructions to evaluate Robbins' request in light of *Assessment Technologies*. While we do not pass judgment on what the award should be, § 505 demands that it be "reasonable." And the amount Robbins seeks, over $220,000, seems quite excessive. This was not a high stakes case, as Woodhaven claimed only $55,000 in damages. Indeed, Robbins' fees nearly surpassed the value of the Hotzes' home.

Robbins raises two other issues. First, it argues that the district court erred by failing to grant it relief under 17 U.S.C. § 1325. That provision allows a defendant in a copyright action to recover up to $10,000 from a plaintiff who brings an action "knowing that registration . . . was obtained by a false or fraudulent representation . . . ." But Robbins failed to conclusively establish that Woodhaven engaged in fraudulent behavior. The court dismissed Woodhaven's complaint for failing to prove infringement. It never made a finding that Woodhaven engaged in fraud.

Lastly, Robbins asserts that the district court erred by entering summary judgment for the Hotzes on its claim for indemnification. But, as the court correctly noted, the hold-harmless agreement made no mention of attorney fees, dooming Robbins' claim. *See Hunzinger Constr. Co. v. Granite Res. Corp.*, 538 N.W.2d 804, 809 (Wis. App. 1995) (Wisconsin courts will not construe an obligation to pay attorney fees unless contract language "clearly and unambiguously so provides").

Accordingly, we AFFIRM in part, VACATE in part, and REMAND the case for further proceedings on Robbins' re-

quest for attorney fees and costs under 17 U.S.C. § 505. No costs are awarded to either party on this appeal.


A true Copy:

      Teste:


                          _____

                        ***Clerk of the United States Court of Appeals for the Seventh Circuit***