In the

# United States Court of Appeals

## For the Seventh Circuit

---

No. 05-2498

JCW INVESTMENTS, INC., D/B/A TEKKY TOYS,

*Plaintiff-Appellee,*

*v.*

NOVELTY, INC.,

*Defendant-Appellant.*

---

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 02 C 4950—**Robert W. Gettleman**, *Judge.*

---

SUBMITTED SEPTEMBER 7, 2007—DECIDED NOVEMBER 28, 2007

---

Before MANION, WOOD, and EVANS, *Circuit Judges.*

WOOD, *Circuit Judge.* Tekky Toys won a jury verdict for $575,099.82 on its claim that Novelty, Inc., infringed Tekky's copyright and trademark on "Pull My Finger Fred," a farting plush doll; this court affirmed that judgment. See *JCW Invs., Inc. v. Novelty, Inc.*, 482 F.3d 910, 921 (7th Cir. 2007). Thirty days after we entered judgment in Tekky's favor, it filed a petition for attorneys' fees, expenses, and costs in the district court. What is presently before us is the petition Tekky filed in this court for an award of appellate attorneys' fees, expenses, and costs in the amount of $78,037.76.

Both the Copyright Act, 17 U.S.C. § 505, and the Lanham Act, 15 U.S.C. § 1117(a), permit an award of full costs and reasonable attorneys' fees to the prevailing party, including fees and costs incurred on appeal. See *Assessment Technologies of Wis., LLC v. WIREdata Inc.*, 361 F.3d 434, 436 (7th Cir. 2004) (Copyright Act); *Gorenstein Enters., Inc. v. Quality Care-USA, Inc.*, 874 F.2d 431, 438 (7th Cir. 1989) (Lanham Act). Despite this general rule, Novelty argues that Tekky is not entitled to an award of appellate fees and costs for three reasons. First, it points out that the petition "does not appear to be timely." JCW filed its petition for fees and costs 30 days after final judgment in this case was entered. The request for costs is indeed untimely, as Federal Rule of Appellate Procedure 39(d)(1) requires that the bill of costs be filed within 14 days of entry of judgment. We therefore deny Tekky's petition for costs in the amount of $132.76.

This leaves the question (presumably of much greater interest to the parties) of whether the request for $77,905 in attorneys' fees is also untimely. Novelty argues that because Tekky submitted a "combined motion" for fees and costs, Rule 39(d)(1)'s 14-day deadline should apply to the motion in its entirety. But Novelty cites no authority to support that position, and we have been unable to find any. Likewise unsupported is Novelty's contention that Federal Rule of Civil Procedure 54(d), which provides the vehicle and deadline (also 14 days) for motions for attorneys' fees in the *district* court, should apply by analogy to such motions in the appellate courts. Neither Rule 39 nor Rule 54 speaks directly to the situation before us, and neither the Copyright Act nor the Lanham Act provides any statutory deadline for such motions. In the absence of a statutory or rule-based deadline, we think that a general rule of diligence should govern. Here, then, we must decide whether Tekky was diligent in

preparing and submitting its request for attorneys' fees to us. We conclude that it was.

Novelty's next argument is that an award of fees is unwarranted because its appeal was not frivolous. But a finding of frivolity or bad faith is not required under the Copyright Act, which permits an award of attorneys' fees and costs in the court's discretion. 17 U.S.C. § 505. That discretion is guided by many factors, including "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994) (internal quotation omitted). We have said that the two most important considerations are "the strength of the prevailing party's case and the amount of damages or other relief the party obtained." *Assessment Technologies*, 361 F.3d at 436; see also *Gonzales v. Transfer Technologies, Inc.*, 301 F.3d 608, 610 (7th Cir. 2002). The amount of damages Tekky has recovered in this litigation is not small: the jury awarded a total of $291,000 on Tekky's various claims, and the district court awarded $575,099.82 in attorneys' fees, which covered most of the expense of the district court litigation. When "a plaintiff wins a suit and is entitled by statute to a reasonable attorneys' fee, the entitlement extends to the fee he reasonably incurs in defending the award of that fee. Otherwise the fee will undercompensate." *Gorenstein Enters.*, 874 F.2d at 438 (internal citation omitted). The strength of Tekky's case against Novelty weighs heavily in favor of awarding fees, as the copyright infringement in this case was flagrant, see *JCW Invs.*, 482 F.3d at 916-17, and the trademark infringement was willful, see *BASF Corp. v. Old World Trading Co., Inc.*, 41 F.3d 1081, 1099 (7th Cir. 1994) (interpreting Lanham Act's allowance of fees in "exceptional" cases to encompass those

in which the act of infringement was "malicious, fraudulent, deliberate or willful"). Accordingly, we are persuaded that Tekky is entitled to an award of the fees that it reasonably incurred in defending against Novelty's appeal.

This brings us to the third and final question: whether the amount Tekky seeks is reasonable. Novelty predictably asserts that it is not, but it does not explain whether it objects to the hourly rate, the number of hours expended on particular tasks, or both. Having reviewed the records ourselves, we conclude that one category of the requested fees is indeed excessive, and so we will reduce it even without an explicit request from Novelty to do so. Specifically, lead counsel claims that it took him 33.25 hours to prepare this petition, at a rate of $450 per hour, for a total of $14,962.50. The petition, however, consisted only of a six-page argument, a three-page affidavit, and several computer-generated billing records. Because an experienced litigator should not have required more than half that amount of time to prepare such a document, we reduce the fee award of $77,905 by $7,481.25.

To summarize, Tekky's petition for costs is DENIED, and Novelty is ORDERED to pay Tekky a total of $70,423.75 in attorneys' fees.

*It is so ordered.*

A true Copy:

      Teste:

                            _____

                            *Clerk of the United States Court of*
                               *Appeals for the Seventh Circuit*