In the

# United States Court of Appeals
## For the Seventh Circuit

No. 19-2138

TIMOTHY B. O'BRIEN LLC,

*Plaintiff-Appellee,*

*v.*

DAVID KNOTT, *et al.,*

*Defendants-Appellants.*

Appeal from the United States District Court for the
Western District of Wisconsin.
No. 18-cv-00684 — **James D. Peterson,** *Chief Judge.*

ARGUED JUNE 2, 2020 — DECIDED JUNE 17, 2020

Before FLAUM, KANNE, and BRENNAN, *Circuit Judges.*

FLAUM, *Circuit Judge.* David Knott, an employee of Wisconsin wellness retail store Timothy B. O'Brien, LLC ("Apple Wellness"), left the company and started a similar, competing wellness shop. Apple Wellness sued Knott for trademark and copyright infringement. Knott countersued. The district court found the copyright claims baseless but commented that the trademark claims might have merit. Nonetheless, Apple Wellness later voluntarily dismissed all its claims with prejudice,

and the district court declined to exercise supplemental juris-
diction over the counterclaims. All that remained was Knott's
motion for attorneys' fees. The district court denied that mo-
tion, and Knott appeals only as to the denial of fees on the
copyright claims. Because the district court's decision deny-
ing fees was well-reasoned and appropriate, we now affirm.

## I. Background

Plaintiff Apple Wellness owns and operates a small chain
of vitamin stores in the Madison, Wisconsin area. Defendant
David Knott is a former employee of Apple Wellness. Hired
in 2013, Knott rose from assistant manager to manager, but
was later demoted to "wellness consultant" and eventually
fired in 2017. Upon his termination, Knott founded his own
vitamin shop, defendant Embrace Wellness, in Middleton,
Wisconsin. The Embrace Wellness store allegedly shared a
number of design features and a similar layout with Apple
Wellness's locations and carried comparable products.

Given those similarities, Apple Wellness sued Knott and
Embrace Wellness (together, "defendants"), alleging they had
infringed its trademark, trade dress, and copyrights. Defend-
ants filed their own state-law counterclaims against Apple
Wellness and its owner, Timothy O'Brien, for tortious inter-
ference and retaliation. Apple Wellness moved for a prelimi-
nary injunction on the trademark and trade dress claims,
which the court denied following an evidentiary hearing. In
support of its denial, the court explained that Apple Wellness,
among other things, had failed to bring forward evidence to
show a likelihood of irreparable harm. Apple Wellness then
moved to dismiss its own claims without prejudice, but be-
cause defendants had already expended resources litigating

an injunction, the court ordered Apple Wellness to withdraw its motion or accept dismissal *with* prejudice.

The district court expressed its opinion that no party's claim was strong but noted that "the perceived wrongs [were] deeply felt." Notwithstanding those feelings, Apple Wellness agreed to dismiss its claims with prejudice. Defendants accepted this outcome with the understanding that the district court would rule on their pending motion for attorneys' fees. The court agreed to rule on fees and declined to exercise jurisdiction over defendants' state law counterclaims.

The district court subsequently denied defendants' motion for fees. Although the court agreed that Apple Wellness's copyright claims were frivolous—common law copyright was abolished in 1976—it found that the totality of the circumstances did not warrant fees. Making a particularized assessment, the court noted that Apple Wellness's copyright claims were unreasonable, but concluded that while this was an important point, it was not dispositive. The court noted that there was no evidence that Apple Wellness had filed its suit with an improper motive, and that there was no need to deter Apple Wellness from future frivolous filings. The court further found that the case was primarily about the trademark and trade dress claims; that no motions were filed related to copyright; and that Apple Wellness had dismissed the copyright claims voluntarily before defendants had to argue against them (beyond their answer).

Defendants timely appealed the denial of their motion for fees, but only as to the copyright claims. They also seek attorneys' fees for work performed on this appeal.

## II. Discussion

"In any civil action [for federal copyright infringement], the court in its discretion may allow the recovery of full costs by or against any party … . Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. "We review attorneys' fees awards under an abuse of discretion standard." *DeliverMed Holdings, LLC v. Schaltenbrand*, 734 F.3d 616, 625 (7th Cir. 2013). We afford defendants who prevail against copyright claims a "strong presumption" that they are entitled to attorneys' fees. *Assessment Techs. of Wis., LLC v. WIREdata, Inc.*, 361 F.3d 434, 437 (7th Cir. 2004).

Defendants argue that the decision not to award them attorney's fees was an abuse of discretion. They claim the court relied on improper reasoning, such as the lack of substantive litigation over the copyright claims, and failed to apply our "strong presumption" in favor of fees for successful copyright defendants. Apple Wellness responds that the district court's decision was a proper, fact-specific application of the law to the facts. We agree.

We typically begin analyses of fee awards or denials in copyright claims by citing *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994). There, the Supreme Court noted the Third Circuit's identification of "several nonexclusive factors" that courts should consider in making a fees determination in copyright cases. *Id.* at 534 n.19. "These factors include 'frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.'" *Id.* (quoting *Lieb v. Topstone Indus., Inc.*, 788 F.2d 151, 156 (3d Cir. 1986)). The Supreme Court "agree[d]

that such factors may be used to guide courts' discretion, so long as such factors are faithful to the purposes of the Copyright Act and are applied to prevailing plaintiffs and defendants in an evenhanded manner." *Id.* We have explicitly cited the *Fogerty* factors in a number of cases, describing them as "all relevant but none determinative." *Assessment Techs.* 361 F.3d at 436.

Beyond the *Fogerty* factors, we have also instructed courts in this Circuit that a defendant who prevails against a copyright claim is entitled to a strong presumption in favor of fees.

> [W]e go so far as to suggest, by way of refinement of the *Fogerty* standard, that the prevailing party in a copyright case in which the monetary stakes are small should have a presumptive entitlement to an award of attorneys' fees. When the prevailing party is the defendant, who by definition receives not a small award but no award, the presumption in favor of awarding fees is very strong. For without the prospect of such an award, the party might be forced into a nuisance settlement or deterred altogether from exercising his rights.

*Id.* at 437 (citations and internal quotation marks omitted). The defendants ably cite the many times we have reiterated this presumption. *See, e.g., DeliverMed*, 734 F.3d at 625 ("As a consequence of their successful defense of an infringement suit, Defendants are entitled to a 'very strong' presumption in favor of receiving attorneys' fees.") (quoting *Assessment Techs.*, 361 F.3d at 437); *Klinger v. Conan Doyle Estate, Ltd.*, 761 F.3d 789, 791 (7th Cir. 2014) ("[A]s a consequence of the suc-

cessful defense of an infringement suit[,] the defendant is entitled to a 'very strong' presumption in favor of receiving attorneys' fees"); *Woodhaven Homes & Realty, Inc. v. Hotz*, 396 F.3d 822, 824 (7th Cir. 2005) ("[P]revailing defendants in copyright cases … are presumptively entitled (and strongly so) to recover attorney fees.").

Since 2016, we have also looked to the Supreme Court's additional guidance in interpreting § 505 provided in *Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979 (2016). In that case, the Court directed us to give substantial weight to the objective reasonableness of the losing party's position. *Id.* at 1983. "But court[s] must also give due consideration to all other circumstances relevant to granting fees; and it retains discretion, in light of those factors, to make an award even when the losing party advanced a reasonable claim or defense." *Id.*

> [O]bjective reasonableness can be only an important factor in assessing fee applications—not the controlling one. As we recognized in *Fogerty*, § 505 confers broad discretion on district courts and, in deciding whether to fee-shift, they must take into account a range of considerations beyond the reasonableness of litigating positions. **That means in any given case a court may award fees even though the losing party offered reasonable arguments (or, conversely, deny fees even though the losing party made unreasonable ones)**.

*Id.* at 1988 (citations omitted) (emphasis added).

According to the defendants, our "strong presumption" in their favor essentially settles the matter. They prevailed when Apple Wellness voluntarily dismissed its copyright claims, and the district court (although it did not rule on them) called the copyright claims "frivolous." They argue the district court thus abused its discretion by denying an award of attorneys' fees. But our caselaw has never held that the strong presumption was insurmountable; rather, we have consistently required a fact-specific, case-by-case inquiry.

Complying with that precedent, the district court explicitly addressed each of the four *Fogerty* factors as part of its analysis. On the one hand, it noted that Apple Wellness's copyright claims were frivolous and objectively unreasonable, both of which weighed in favor of awarding fees. On the other, the district court noted that Apple Wellness's claims seemed to have been brought in good faith and that there were minimal concerns regarding compensation and deterrence: Defendants expended little energy defending against the quickly dismissed copyright claims and there was no chance of Apple Wellness re-raising the claims in the future. Finally, the district court observed that the rationale for our "strong presumption" in favor of prevailing copyright defendants did not apply: As the claims had already been voluntarily dismissed, the defendants were under no pressure to abandon a meritorious defense and settle.

Beyond addressing the *Fogerty* factors, the district court's decision also comports with *Kirtsaeng*'s direction to take "into account a range of considerations beyond the reasonableness of litigating positions." 136 S. Ct. at 1988. *Kirtsaeng* further belies the defendants' reliance on the strong presumption to carry the day; *Kirtsaeng* explicitly recognizes that courts may

"deny fees even though the losing party made unreasonable" arguments. *Id.*[1]

Defendants also argue that the district court erred by considering that the copyright claims were not substantially litigated, citing *Budget Cinema, Inc. v. Watertower Assocs.*, 81 F.3d 729 (7th Cir. 1996). There, we held that the district court erred by denying an award of fees where the copyright litigation was brief:

> [T]he court's suggestion that the nonprotracted nature of this litigation counsels against awarding attorney's fees is improper. If anything, the duration of the litigation might be relevant to the objective unreasonableness of a party's claim. It is certainly not proper to hold that a party involved in minor copyright litigation has any less of an entitlement under Section 505 than a party involved in protracted copyright litigation.

---

[1] *Kirtsaeng* also states: "[T]he Court of Appeals' language at times suggests that a finding of reasonableness raises a presumption against granting fees, … and that goes too far in cabining how a district court must structure its analysis and what it may conclude from its review of relevant factors." 136 S. Ct. at 1989. Although facing the inverse situation, where a finding of unreasonableness raised a presumption in favor of awarding fees, the district court wondered whether this language might call into question our existing "strong presumption" in favor of prevailing copyright defendants. We believe our existing caselaw is consistent with *Kirtsaeng*, as both aim to ensure that businesses are not dissuaded from defending their rights against anti-competitive copyright claims. The case at bar helpfully exemplifies a situation in which the strong presumption in favor of a prevailing defendant can be overcome, just as *Kirtsaeng* contemplates.

*Id.* at 732.

According to defendants, the district court's reference to Apple Wellness's quick and voluntary dismissal of the claims was thus improper: The claims' brief life may be relevant to the *amount* of fees, but not whether defendants are *owed* them. This takes *Budget Cinema* too far. There, the copyright claims were litigated in an injunctive motion and dispositive briefing. *Id.* at 731. While short in duration, the dispute was substantial. The same cannot be said for the copyright claims in this case, which were only answered by the defendants. In such a situation, the dismissal before substantial briefing or discovery regarding the contested issues is an appropriate consideration. Indeed, it would be contrary to *Fogerty*'s charge to consider "compensation and deterrence," 510 U.S. at 534 n.19, to hold that the district court could not consider that the copyright claims were voluntarily dismissed before the claims were substantially litigated.

In sum, the district court properly performed a fact-specific analysis of the case and reached a reasonable conclusion. It was therefore not an abuse of discretion to deny an award of fees.[2]

### III. Conclusion

For the foregoing reasons, we AFFIRM the judgment of the district court.

---

[2] Having determined that the district court's denial of attorneys' fees was not an abuse of discretion, we deny defendants' request for attorneys' fees for their unsuccessful appeal of that order.