In the

# United States Court of Appeals

## For the Seventh Circuit

_____

No. 22-1641

LIVE FACE ON WEB, LLC,

*Plaintiff-Appellee,*

*v.*

CREMATION SOCIETY OF ILLINOIS, INC., et al.,

*Defendants-Appellants.*

_____

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 16-cv-8608 — **John Robert Blakey**, *Judge.*

_____

ARGUED JANUARY 10, 2023 — DECIDED AUGUST 11, 2023

_____

Before SCUDDER, KIRSCH, and JACKSON-AKIWUMI, *Circuit Judges.*

KIRSCH, *Circuit Judge.* The Cremation Society of Illinois and its co-defendants sought to recover their attorney's fees after defeating Live Face on Web's copyright claims against them. The district court denied their request, concluding that because the defendants only prevailed due to an intervening Supreme Court decision, awarding fees would not advance the purposes of the Copyright Act's symmetrical fee-shifting

provision. That conclusion strays from our law, so we vacate and remand for reconsideration.

I

The Copyright Act authorizes prevailing parties to recover their costs and fees. 17 U.S.C. § 505. This makes sense: A copyright holder who successfully enforces her rights encourages others to use the copyright system, fostering further innovation. At the same time, a defendant who successfully protects his rights to use things in the public domain necessarily gives others a license to do the same. And no matter who prevails, copyright law writ-large benefits from definitive adjudications. By encouraging parties to stand on their rights, the Act's symmetrical fee-shifting provision advances its core purposes.

A

Four nonexclusive factors guide a district court's decision whether to award a prevailing party its fees: (1) the frivolousness of the suit; (2) the losing party's motivation for bringing or defending against a suit; (3) the objective unreasonableness of the claims advanced by the losing party; and (4) the need to advance considerations of compensation and deterrence. *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994). None of those factors is determinative, each case is different, and a district court's analysis must be sensitive to the facts before it. So long as it applies to plaintiffs and defendants alike, district courts may consider any factor that advances the Copyright Act's purposes. *Id*. Given the fact-intensive nature of the inquiry and the district court's proximity to the litigation, we review a district court's decision to award or deny attorney's

fees for an abuse of discretion. See *Timothy B. O'Brien LLC v. Knott*, 962 F.3d 348, 350–51 (7th Cir. 2020).

That we review a district court's decision to award or deny attorney's fees for an abuse of discretion tells us nothing about the scope of that discretion in the first place. "[I]n a system of laws discretion is rarely without limits." *Kirtsaeng v. John Wiley & Sons, Inc.*, 579 U.S. 197, 203 (2016) (quoting *Flight Attendants v. Zipes*, 491 U.S. 754, 758 (1989)). And when denying a prevailing copyright defendant his attorney's fees, a district court's discretion is very narrow. Time and again we have declared that "prevailing defendants in copyright cases are presumptively entitled (and strongly so) to recover attorney fees." *Woodhaven Homes & Realty, Inc. v. Hotz*, 396 F.3d 822, 824 (7th Cir. 2005) (cleaned up).

Our strong presumption flows from copyright law's asymmetric recoveries. A successful copyright plaintiff can recover damages and receive a judicial recognition of her rights. A successful defendant, by contrast, recovers nothing he didn't already have. His defense is that the work he used was free for all; after his victory, that work remains in the public domain for others to build upon. The best he can hope for is to break even—to recover his attorney's fees. Without an award of attorney's fees, a defendant faces pressure to abandon his meritorious defenses and throw in the towel because the cost of vindicating his right (his attorney's fees) will exceed the private benefit he receives from succeeding (a non-excludable right to continue doing what he has already done). See *Assessment Techs. of WI, LLC v. WIREdata, Inc.*, 361 F.3d 434, 437 (7th Cir. 2004). Prevailing copyright defendants are thus entitled to a very strong presumption in favor of recovering their fees. That presumption can of course be overcome,

but only if the nonexclusive *Fogerty* factors manage to surmount it.

So strong is this presumption that we have repeatedly reversed district courts who refused to award a prevailing defendant his attorney's fees. See, e.g., *Eagle Services Corp. v. H2O Indus. Servs., Inc.*, 532 F.3d 620, 625 (7th Cir. 2008); *Mostly Memories, Inc. v. For Your Ease Only, Inc.*, 526 F.3d 1093, 1099 (7th Cir. 2008); *Riviera Distributors, Inc. v. Jones*, 517 F.3d 926, 929–30 (7th Cir. 2008); *Woodhaven Homes*, 396 F.3d at 824–25; *Assessment Techs. of WI*, 361 F.3d at 436–37; *Budget Cinema, Inc. v. Watertower Assocs.*, 81 F.3d 729, 732–33 (7th Cir. 1996). Unsurprisingly, we routinely affirm district courts that award defendants their fees—or even award them ourselves. See, e.g., *Design Basics, LLC v. Kerstiens Homes & Designs, Inc.*, 1 F.4th 502, 508 (7th Cir. 2021); *Klinger v. Conan Doyle Est., Ltd.*, 761 F.3d 789, 791–92 (7th Cir. 2014); *DeliverMed Holdings, LLC v. Schaltenbrand*, 734 F.3d 616, 625–26 (7th Cir. 2013); *HyperQuest, Inc. v. N' Site Sols., Inc.*, 632 F.3d 377, 387 (7th Cir. 2011).

We have affirmed the contrary result just once, in *Timothy O'Brien LLC v. Knott*, 962 F.3d 348 (7th Cir. 2020). There, the copyright claim was but a small piece of the overall litigation. *Id.* at 350. The defendants did nothing but answer the complaint alleging a copyright claim—they never substantively litigated the claim, and they filed not one motion related to it. *Id.* at 350–51. As we put it, the defendants "expended little energy defending against the quickly dismissed copyright claims" and thus "were under no pressure to abandon a meritorious defense and settle." *Id.* at 351. Given that district court's careful analysis of the facts before it, we held it was not an abuse of discretion to deny the defendants their fees.

B

Back to this case. The Cremation Society of Illinois and its co-defendants each licensed a piece of computer code from Live Face on Web for $328. Live Face then sued the defendants for copyright infringement and sought at least $483,000 in damages. According to PACER, this is just one of Live Face's roughly 200 copyright suits. The parties slugged it out in district court for more than five years. While summary judgment was pending, Live Face moved to dismiss its own suit with prejudice. It argued that a recent Supreme Court case—*Google LLC v. Oracle America, Inc.*, 141 S. Ct. 1183 (2021)—cut the legs out from under its claims. To be more precise, it argued that *Google* made the defendants' fair-use defense insurmountable. The district court granted the motion, thus ending the case in the defendants' favor. These facts bear no resemblance to *Timothy O'Brien*. Under our precedent, Live Face should have faced a steep, uphill battle to rebut our very strong presumption in favor of awarding the defendants their fees.

The defendants predictably moved for fees, but the district court denied the motion. Live Face argued that *Google* made the defendants' fair-use defense ironclad. The district court accepted that premise, finding that the defendants did not prevail because of their defenses but rather due to a fortuitous, unforeseen change in the law. Thus, to the district court, awarding fees would neither encourage nor discourage other defendants from maintaining valid defenses against copyright claims. That analysis is faulty, however. The defendants did, in fact, prevail because of their defenses, including their fair-use defense. Live Face all but concedes that if the Supreme Court had granted review here rather than in *Google*, the outcome would have been the same. That *Google* got to the

Court first is thus of no significance to our presumption, which exists to encourage parties to prevail on meritorious claims and defenses. No matter which side prevailed in *Google*, the law would favor one of the parties here. The defendants could not know that *Google* would help, rather than hurt, their case.

Putting this aside, it is unclear whether *Google* changed anything relevant here. The district court did not meaningfully test Live Face's assertion that *Google* changed the applicable law before concluding that it undermined the purpose of our presumption. Live Face, for its part, offered no explanation of how *Google* impacted its likelihood of success. No doubt *Google* speaks to fair use of software. But Live Face's insistence that *Google* doomed its suit is a conclusion, not an analysis. And without a proper analysis of how *Google* affected Live Face's claims, we cannot be sure that it did. Even if *Google* did change something fundamental, the defendants raised several defenses apart from fair use. Any of those defenses might have defeated Live Face's claims, and *Google* impacted none of them. Live Face never argued, let alone proved, that it would have prevailed but for *Google*.

The district court also expressed concern that parties might sit on new case law for fear of paying the other side's attorney's fees. But we already threaten all litigants with that possibility: Rule 11 prohibits parties from persisting in now-frivolous claims and expressly authorizes an award of all attorney's fees "directly resulting from the violation." Fed. R. Civ. P. 11(c)(4). In light of that rule, nothing about awarding defendants their fees would diminish the likelihood that a party would alert the court to changed precedent. This is a good case in point: Against our very strong presumption and

our willingness to enforce it, Live Face could reasonably expect that it would be forced to pay the defendants' fees. Even so, Live Face brought *Google* to the district court's attention and ended its suit. Live Face couldn't know ex ante that the district court would not award fees, but it dismissed its case all the same.

All of this is to say that we are concerned that the district court too readily displaced or diluted our presumption. Whether to award fees is a matter for the district court's discretion, but our presumption places a heavy thumb on the scale in favor of doing so for a prevailing defendant. On this record, we cannot tell whether the defendants were given the full benefit of that presumption.

## II

### A

Our presumption can, of course, be outweighed by a careful application of the *Fogerty* factors. If we could say with confidence that those factors would outweigh even our strong presumption, we would affirm. But in this case, we can't.

The first *Fogerty* factor asks whether Live Face's suit was frivolous. Importantly, "the loser's conduct need not be 'sanctionable' for the winner to be entitled to attorney's fees." *Mostly Memories*, 526 F.3d at 1099 (quoting 17 U.S.C. § 505). Even if the lawsuit were not frivolous, "this does not distinguish it from a great many copyright infringement cases." *HyperQuest, Inc. v. N'Site Sols., Inc.*, 632 F.3d 377, 387 (7th Cir. 2011) (affirming award of defendant's fees). The district court noted that Live Face's complaint withstood two motions to dismiss. But denying a motion to dismiss is "a common step on the way to a decision and not a good reason to force the

prevailing party to swallow the legal costs of the suit." *Riviera Distribs.*, 517 F.3d at 929.

*Fogerty*'s second factor asks whether the losing party's motivation in filing or contesting the action was questionable, including because of a multiplicity of suits or improperly joined parties. Below, the defendants argued that Live Face is a copyright troll—lurking in the shadows to extract nuisance settlements from passersby. We explained the concept in *Klinger*:

> The [troll's] business strategy is plain: charge a modest license fee for which there is no legal basis, in the hope that the "rational" writer or publisher [who] asked for the fee will pay it rather than incur a greater cost, in legal expenses, in challenging the legality of the demand.

761 F.3d at 792. We then explained why fees are proper for the defendant who rebels against the troll's efforts: "In effect he [is] a private attorney general, combating a disreputable business practice—a form of extortion—and he [seeks his fees] not to obtain a reward but merely to avoid a loss." *Id.* His willingness to fight rather than pay the troll a modest licensing fee "is important because it injects risk into the [troll's] business model." *Id.* And for his effort "exposing the [troll's] unlawful business strategy, [the defendant] deserves a reward but asks only to break even." *Id.*

The district court concluded that Live Face was not a copyright troll. But it is uncontested that Live Face has filed, in the district court's words, "dozens if not hundreds of other copyright lawsuits like the one here." PACER reveals that Live Face has filed more than 200 copyright suits in 29

different federal districts courts. See, e.g., *Live Face on Web, LLC v. Rockford Map Gallery, LLC*, No. 17-cv-539, 2022 WL 11110133, at *1 (D. Del. Oct. 19, 2022) (quoting *Design Basics*, 1 F.4th at 503, and suggesting that Live Face is a copyright troll). The district court pointed to the one case in which Live Face has prevailed at trial to conclude that Live Face is not a copyright troll. As the defendants noted at oral argument, Live Face sought and was awarded its fees in its one win. To our eyes, this suit bears all the hallmarks of a copyright troll at work.

The third *Fogerty* factor asks whether the claims advanced were objectively unreasonable. Live Face sued Katie Frideres in her personal capacity despite knowing that her only involvement was, as an employee, to register the websites that hosted the allegedly infringing code. The district court did not mention those claims. Frideres's presence in this suit supports a finding of unreasonableness.

The fourth *Fogerty* factor asks whether awarding fees would advance considerations of compensation and deterrence. The district court relied on its understanding that the circumstances of the defendants' victory was material to its evaluation of this factor, and it concluded that those circumstances did not "counsel in favor of awarding costs and fees." But *Fogerty*'s fourth factor looks to both "compensation *and* deterrence," 510 U.S. at 534 n.19 (emphasis added), and the district court properly analyzed neither. As for compensation, recall that when a copyright defendant prevails, it is awarded no damages; the only compensation available is to recoup its expenses. The district court did not address this point—one we have emphasized. See, e.g., *Woodhaven Homes*, 396 F.3d at

824 ("[The defendant] did prevail, but its victory was costly.").

As for deterrence, the fourth *Fogerty* factor cares not only about the deterrent effects of awarding fees, but the effects of *not* awarding fees, too. The former focuses on discouraging plaintiffs from bringing suits unless they have real merit; the latter on discouraging defendants from abandoning meritorious defenses. The district court overlooked this when it concluded that "awarding costs and fees here would not serve to deter any conduct that warrants deterrence." For that proposition, it quoted our opinion in *Assessment Technologies*: "If the case was a toss-up and the prevailing party obtained generous damages, … there is no urgent need to add an award of attorneys' fees." 361 F.3d at 436. But, of course, these defendants did not obtain generous damages—they obtained *no* damages. Declining to award fees simply because a defendant was proven correct by the Supreme Court discourages defendants from persisting in defenses that might one day persuade the Court and thus bring clarity to future litigants. That's the point of the Copyright Act's fee structure: to promote meritorious claims and defenses. In litigation, both sides accept that as the case evolves, the law might, too.

If the *Fogerty* factors were in equipoise, our strong presumption would resolve the question in the defendants' favor. Live Face had to rebut that presumption. Taken as a whole, we cannot say that the *Fogerty* factors invariably outweigh our presumption.

B

The defendants also ask that we reverse the district court's denial of their request for costs under Federal Rule of Civil

Procedure 54. We decline to do so and affirm on this point because they failed to adequately develop that issue below. *Kensington Rock Island Ltd. P'ship v. Am. Eagle Hist. Partners*, 921 F.2d 122, 124–25 (7th Cir. 1990).

\* \* \*

In seeking their fees and costs under the Copyright Act, the defendants sought "not to obtain a reward but merely to avoid a loss." *Klinger*, 761 F.3d at 792. In forcing them to bear that loss, the district court misapplied our very strong presumption in favor of awarding a prevailing copyright defendant his fees and costs. We therefore vacate the district court's denial of fees under the Copyright Act and remand so that the district court can reconsider the defendants' motion with the benefit of our views. If, on remand, the district court determines that the defendants should recover their fees, any such award must include the fees incurred in bringing this appeal. The costs of this appeal are taxed against the appellee. Fed. R. App. P. 39(a)(4).

AFFIRMED IN PART, VACATED IN PART, AND REMANDED