# United States Court of Appeals
## For the First Circuit

Nos. 01-1382, 01-2273

TAMKO ROOFING PRODUCTS, INC.,

Plaintiff, Appellee,

v.

IDEAL ROOFING COMPANY, LTD.,

Defendant, Appellant.

APPEALS FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Joseph A. DiClerico, Jr., U.S. District Judge]

Before

Selya, Circuit Judge,
Campbell, Senior Circuit Judge,
and Lynch, Circuit Judge.

H. Joseph Hameline, Rosemary M. Allen, Geri L. Haight, Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., and Michael B. Clapp on brief for appellant.

Christopher R. Benson, Marcy Hogan Greer, Susan J. Hightower, and Fulbright & Jaworski L.L.P. on brief for appellee.

June 28, 2002

**LYNCH**, <u>Circuit Judge</u>.  Tamko Roofing Products,  after winning its trademark infringement action at trial, and prevailing on a subsequent appeal by the infringer Ideal Roofing Company, brings this application for an award of reasonable attorneys' fees and expenses in connection with the appeal.  We articulate the standards to be used in the analysis and deny Tamko's application because we find that Ideal's appeal did not constitute an exceptional case within the meaning of 15 U.S.C. § 1117(a) (2000).

I.

The six-day trial in this trademark infringement case concerned Ideal's use of Tamko's Heritage trademark in connection with roofing products.  The district court ruled that Tamko's Heritage trademarks were valid, and the jury found: (i) "by a preponderance of the evidence that Ideal infringed Tamko's trademarks"; (ii) "by clear and convincing evidence that Ideal acted willfully in infringing Tamko's trademarks"; and (iii) "by a preponderance of the evidence that the roofing product[s] of Ideal and Tamko directly competed with each other." <u>Tamko Roofing Products, Inc.</u> v. <u>Ideal Roofing Co.</u>, 282 F.3d 23, 29 (1st Cir. 2002) (internal quotation marks omitted).

In August 2000, the district court issued orders that Tamko was entitled to: (1) an accounting of Ideal's profits; (2) attorneys' fees; and (3) an injunction permanently enjoining Ideal from "using the term Heritage, Heritage Series, H Series, or any name or mark confusingly similar to Heritage."  <u>Id.</u> (internal quotation marks omitted).

On appeal, Ideal challenged all three of the district court's rulings, but not the jury's finding of willful infringement. We affirmed all of the appealed district court's rulings in <u>Tamko Roofing Products, Inc.</u> v. <u>Ideal Roofing Co.</u>, 282 F.3d 23 (1st Cir. 2002).

On April 22, 2002, Tamko filed an application for an award of attorneys' fees and expenses in connection with its defense of the appeal that Ideal brought. Ideal filed an objection to Tamko's application on May 20, 2002.

## II.

The Lanham Act's attorneys' fees provision, section 35, reads: "The court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a) (2000). In "exceptional cases," a prevailing party can obtain attorneys' fees for a trial and on an appeal.[1] <u>See</u> 5 J.T. McCarthy, <u>McCarthy on Trademarks and Unfair Competition</u> § 30:99, at 30-184 (4th ed. 2002). As we noted in <u>Tamko Roofing Products</u>, we "turn[] to the legislative history for a working definition" of exceptional cases: "In exceptional cases, attorneys' fees may be appropriate in circumstances where the acts of infringement were '"malicious," "fraudulent," "deliberate," or "willful."'" 282 F.3d at 31 (quoting S. Rep. 93-1400, at 5 (1974), <u>reprinted</u> <u>in</u> 1974

---

[1] This case does not present the occasion to delineate the boundaries between an award of just damages and costs under Fed. R. App. P. 38, <u>Maher</u> v. <u>Hyde</u>, 272 F.3d 83, 87 (1st Cir. 2001) (discussing Rule 38's "frivolous appeal" standard), and an award of appellate attorneys' fees for "exceptional cases" under 15 U.S.C. § 1117(a), except to say that the two standards do not appear to be the same.

U.S.C.C.A.N. 7132, 7133). The district court awarded attorneys' fees to Tamko for the defense of its trademark at the trial level.

In affirming the attorneys' fees award for the trial in this case, we rejected the argument "that bad faith or fraud is a necessary condition to an award of attorneys' fees under section 35 of the Lanham Act," and held that "willful conduct may be sufficient when the trial court takes into account all the facts and equities of the case." Id. at 27. The facts and equities surrounding Ideal's willful infringement of Tamko's mark justified the trial court's award of fees.

Here, Tamko argues that because this was an exceptional case and attorneys' fees were awarded at the trial level, attorneys' fees should also be awarded for the appeal. Tamko cites to Committee for Idaho's High Desert, Inc. v. Yost, 92 F.3d 814 (9th Cir. 1996), in which the Ninth Circuit granted the prevailing plaintiff attorneys' fees on appeal because "the district court found that appellants 'knowingly, intentionally and deliberately adopted and used'" the plaintiff's name, and the case was therefore exceptional. Id. at 825.

In response, Ideal argues that in order to obtain an award of attorneys' fees for an appeal, the appeal itself must be exceptional, which it equates with frivolous. Ideal, in turn, relies on another Ninth Circuit case, U-Haul International, Inc. v. Jartran, Inc., 793 F.2d 1034 (9th Cir. 1986), which denied an award of attorneys' fees against a defendant who, like Ideal, lost both at trial and on appeal. The Ninth Circuit reasoned that attorneys'

fees were not warranted because "[t]here [was] nothing 'exceptional' about [the defendant] appealing this $40 million judgment. . . . [D]ifficult issues were raised . . . [and] [i]t was entirely reasonable for [the defendant] to challenge the district court's decision." Id. at 1044.

The case law in this area is very sparse, perhaps because most applications for attorneys' fees for an appeal are handled in summary court orders. Articulation of the standards by which we will evaluate whether appeals are within the "exceptional case" requirement may be helpful. We reject Ideal's view that the appeal must be frivolous in order to justify an award of appellate attorneys' fees; rather, the statutory standard is whether the case, as it appears on appeal, is "exceptional." We also reject Tamko's argument that whenever a case is deemed exceptional at the trial court level, attorneys' fees should automatically be awarded for the appeal. Instead, we strike a middle ground. In each case this court will assess and weigh several factors: (1) whether the appeal was on issues different from those that caused the trial court to find an "exceptional case"; (2) the relative strengths or weaknesses of the appellate issues; and (3) the extent to which the appeal can be said to have prolonged, without adequate justification, a particularly bad "exceptional case." The weight to be given to each of these three factors may vary from case to case. In addition, this court will look to whether the losing party's position on appeal appears to be of a whole with the earlier "malicious, fraudulent, deliberate, or willful" acts of

-5-

infringement or is otherwise inequitable. Cf. Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 280-83 (3d Cir. 2000) (fees justified where litigation itself is oppressive and meant to delay).

This approach makes sure that the prevailing party in a trademark infringement case does not have to keep expending its resources defending the merits of a case characterized by exceptional willful infringement, but also ensures that the losing party is not unfairly thwarted in its attempts to make relevant and reasonable arguments about potential procedural errors or about the type and amount of remedies. In addition, this approach lends a degree of flexibility because a portion of the total amount of appellate attorneys' fees may be awarded when the appeal in part attempts to rehash the merits of an already exceptional case, and in part makes relevant and reasonable arguments about procedural or remedial issues.

We apply our standards to this case. Here, we understand the district court's award of fees to have been based on Ideal's willful acts of infringement and not on Ideal's position as to appropriate remedy. Ideal did not appeal from the infringement finding against it. Its appeal was, by contrast, primarily concerned with the appropriateness of the remedies ordered and with the award of attorneys' fees. Thus, its appeal was on issues different from those that caused the trial court to find that this was an exceptional case.

As to the relative strengths and weaknesses, Ideal's

-6-

arguments, while not strong, were respectable; were made in areas where the law of this circuit was unclear; and had some reason to them.  This appeal cannot be said to have prolonged, without adequate justification, a case that the district court found to be exceptional.  We therefore deny Tamko's application for the award of attorneys' fees in connection with the appeal.

So ordered.