

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-30-2009

# Urban Outfitters Inc v. BCBG Max Azria Grp

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3882

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

## Recommended Citation

"Urban Outfitters Inc v. BCBG Max Azria Grp" (2009). *2009 Decisions.* Paper 1649.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1649

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

―――――――――

Nos. 07-3882/08-1472/1655

―――――――――

URBAN OUTFITTERS INC.; URBAN OUTFITTERS
WHOLESALE, INC.; FREE PEOPLE, LLC

(Appellants in 08-1655)

v.

BCBG MAX AZRIA GROUP, INC.;
STREET BEAT SPORTSWEAR, INC.;
MAX RAVE, LLC

(Appellants in 07-3882 & 08-1472)


―――――――――

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D. C. No. 06-cv-04003)
District Judge: Hon. Michael M. Baylson

―――――――――

Submitted under Third Circuit LAR 34.1(a)
on March 2, 2009


Before: BARRY, WEIS and ROTH, <u>Circuit Judges</u>

( filed: March 30, 2009 )

―――――――――

O P I N I O N

―――――――――

**ROTH,** Circuit Judge:

This is a trademark case pursuant to 15 U.S.C. § 1114, the Lanham Act. BCBG Max Azaria Group, Inc. (BCBG) appeals from the District Court's permanent injunction order and partial award of attorney fees in favor of Urban Outfitters, Inc. BCBG also appeals the District Court's dismissal of its counterclaim seeking cancellation of Urban Outfitters' Free People mark. Urban Outfitters cross-appeals the court's denial of "exceptional case" attorney fees under § 1117 and suggests the court erred in holding a post-trial hearing on the matter. We assume the parties' familiarity with the facts and the record of prior proceedings, which we refer to only as necessary to explain our decision. For the reasons given below, we will affirm in part, vacate in part, and remand for further proceedings.

The District Court committed no error in finding, after balancing the *Lapp* factors, that there was a likelihood of confusion between Urban Outfitters' Free People and BCBG's True People marks.[1] *See Interpace Corp. v. Lapp, Inc.*, 721 F.2d 460, 463 (3d Cir. 1983) (establishing ten-factor balancing test to evaluate likelihood of confusion). In this case, the District Court conducted an extensive and searching inquiry in the form of hearings on various motions and, ultimately, a bench trial. Having reviewed the

---

[1] "To establish trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114, a plaintiff must prove that (1) the mark is valid and legally protectable, (2) it owns the mark, and (3) the defendant's use of the mark is likely to create confusion concerning the origin of goods or services." *E.T. Browne Drug Co. v. Cococare Prods., Inc.*, 538 F.3d 185, 191 (3d Cir. 2008). The first two prongs are established if, as in this case, the mark at issue is federally registered and has become incontestible. *See Commerce Nat. Ins. Servs., Inc. v. Commerce Ins. Agency, Inc.*, 214 F.3d 432, 438 (3d Cir. 2000).

voluminous record and the careful opinions of the court, we will affirm the District Court's holding that BCBG infringed upon Urban Outfitters' Free People mark.

We are additionally assured the District Court did not abuse its discretion by awarding attorney fees to Urban Outfitters in connection with its February 2007 emergency motion. The court determined BCBG had violated the commitments it made to the court in the Papouchado Declarations by distributing a brochure for the True People line at the February 2007 clothing trade show. Previously, the court had warned BCBG that severe sanctions would result from a violation of the representations BCBG had given to the court; therefore, BCBG was on notice that the court intended to hold BCBG to its word. We will, therefore, affirm the District Court's award of $26,562 in attorney fees to Urban Outfitters.

Next, we will affirm the District Court's denial of BCBG's counterclaim seeking the cancellation of the Free People mark. The District Court did not err in determining that BCBG had not demonstrated that Urban Outfitters made a false statement in the registration of the mark.

On the issue of "exceptional case" attorney fees under § 1117 of the Lanham Act, we will remand to the District Court. Though the District Court indicated it considered BCBG's discovery misconduct when rejecting Urban Outfitters claim, the court failed to explain whether it had considered the other examples of BCBG's chicanery that Urban

Outfitters has identified.[2]  As such, we will now remand to the District Court for further proceedings to permit the court to set out its conclusions on all the allegations in the record of BCBG's misconduct.[3]

Finally, we reject out of hand Urban Outfitters' claim that the District Court acted improperly when it held a hearing on the "exceptional case" issue.  Even though the granting of attorney fees is a fundamentally discretionary act, a district court's decision to hold a hearing to make additional findings to reach a decision on the issue is not in error.

For the foregoing reasons, we will affirm in part, vacate in part, and remand for further proceedings.

---

[2] Specifically, Urban Outfitters suggests Albert Papouchado lied about not having heard of the Free People mark, about BCBG's plans to open freestanding stores to sell True People clothing, and about his promise to not distribute brochures for True People at the February 2007 Magic Show.  Urban Outfitters also suggests Michel Amar lied about the pink True People tag that resembled a Free People tag.  It contends a third witness, Maryann Casale-Tooker, lied about Amar's whereabouts so he couldn't be questioned about the Parallel concept, saying he was in China when he was in fact in the United States.  Urban Outfitters finally suggests BCBG withheld the Parallel concept booklet for months and failed to produce numerous other documents responsive to their discovery requests.  It raises, as well, a variety of allegations of misconduct on behalf of BCBG's counsel.

[3] In remanding for further consideration of "exceptional case" fees, we do not suggest a particular outcome must result.