**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

Nos. 10-2922/10-3510

———————

URBAN OUTFITTERS, INC.; URBAN OUTFITTERS
WHOLESALE, INC.; FREE PEOPLE LLC

v.

BCBG MAX AZRIA GROUP, INC.; STREET
BEAT SPORTSWEAR, INC.; MAX RAVE LLC,

Appellants.

———————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D. C. No. 06-cv-04003)
District Judge:  Honorable Michael M. Baylson

———————

Submitted under Third Circuit LAR 34.1(a)
on April 11, 2011

Before:  RENDELL, WEIS and ROTH, Circuit Judges

(Opinion filed: June 1, 2011)

———————

O P I N I O N

———————

**ROTH**, Circuit Judge:

        This appeal requires us to consider the District Court's award of attorneys' fees

under the "exceptional case" provision of the Lanham Act.  For the reasons expressed

1

below, we affirm the judgment of the District Court and grant Urban Outfitters partial attorneys' fees for its prior appeal in this case.

## I. **Background**[1]

Urban Outfitters, Inc., Urban Outfitters Wholesale, Inc., and Free People LLC (collectively, Urban Outfitters) filed an action against BCBG Max Azria Group, Inc., Max Rave, LLC, and Street Beat Sportswear, Inc. (collectively, BCBG) for trademark infringement and related claims under sections 32 and 43(a) of the Lanham Act. *See* 15 U.S.C. §§ 1114, 1125(a). After granting preliminary injunctive relief, the District Court eventually granted Urban Outfitters a permanent injunction that limited BCBG's use of its TRUE PEOPLE mark to avoid confusion with Urban Outfitters' FREE PEOPLE mark. The District Court also dismissed BCBG's counterclaim, which alleged that Urban Outfitters had defrauded the Patent and Trademark Office, but denied Urban Outfitters' request for "exceptional case" attorneys' fees.

BCBG appealed the District Court's adverse rulings, and Urban Outfitters cross-appealed the District Court's denial of "exceptional case" attorneys' fees. We affirmed all of the District Court's actions except for one: We vacated the District Court's "exceptional case" ruling and remanded with instructions to consider "exceptional case fees" in light of certain, undiscussed instances of "BCBG's chicanery." *Urban Outfitters, Inc. v. BCBG Max Azria Group, Inc.*, Nos. 07-3882, 08-1472, 08-1655, 2009 U.S. App. LEXIS 6586 (3d Cir. Mar. 30, 2009).

---

[1] We assume familiarity with the facts, which we refer to only as necessary to explain our decision.

On remand, based on record evidence of BCBG's intentional infringement and litigation misconduct, the District Court found the case to be exceptional and required BCBG to pay Urban Outfitters "50% of the total attorney fees and expenses" that Urban Outfitters had "spent in the preparation and presentation of [its] case."[2] Now pending before the Court are BCBG's appeal from the District Court's judgment, and Urban Outfitters' petition for attorneys' fees related to its previous appeal.

## II. <u>Discussion</u> [3]

We generally review a district court's award of "exceptional case" attorneys' fees for an abuse of discretion, but we review under a plenary standard a district court's interpretation of "the scope and meaning of the term 'exceptional'" as used in section 35(a) of the Lanham Act. *Securacomm Consulting, Inc. v. Securacom, Inc.*, 224 F.3d 273, 279 (3d Cir. 2000); *see also Ferrero U.S.A., Inc. v. Ozak Trading, Inc.*, 952 F.2d 44, 48 (3d Cir. 1991).

### A. Appeal of "Exceptional Case" Award of Attorneys' Fees

We find that the District Court, in its well-reasoned opinion on remand, did not abuse its discretion nor commit any error of law when it awarded Urban Outfitters "exceptional case" attorneys' fees under section 35(a) of the Lanham Act, 15 U.S.C. §

---

[2] The District Court also sanctioned BCBG in the sum of $5,000 for asserting "non-responsive and previously rejected arguments . . . [that] extended this litigation unduly" in briefing on the amount of attorneys' fees Urban Outfitters incurred during the litigation.

[3] The District Court had subject matter jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a), as Urban Outfitters claimed trademark infringement under 15 U.S.C. §§ 1114, 1125. Pursuant to 28 U.S.C. § 1291, this Court has jurisdiction to hear this appeal.

1117. Pursuant to section 35(a), a court may award attorneys' fees to the "prevailing party" in "exceptional cases," such as where the infringement was intentional, *see Ferrero*, 952 F.2d at 48, or where the losing litigant has committed some other culpable conduct, for instance, misconduct during the course of litigation, *see SecuraComm*, 224 F.3d at 282. *See generally Green v. Fornario*, 486 F.3d 100, 103-04 (3d Cir. 2007).

The record of BCBG's "chicanery" is well-established, as recognized by this Court, *Urban Outfitters, Inc. v. BCBG Max Azria Group, Inc.*, Nos. 07-3882, 08-1472, 08-1655, 2009 U.S. App. LEXIS 6586 (3d Cir. Mar. 30, 2009), and the District Court, *Urban Outfitters, Inc. v. BCBG Max Azria Group, Inc.*, No. CIV.A.06-4003, 2010 U.S. Dist. LEXIS 19059, (E.D. Pa. Mar. 2, 2010); *Urban Outfitters, Inc. v. BCBG Max Azria Group, Inc.*, No. CIV.A.06-4003, 2008 U.S. Dist. LEXIS 7000 (E.D. Pa. Jan. 31, 2008). The District Court's opinion – the subject of this appeal – carefully analyzed each instance of litigation misconduct that this Court identified and also noted its previous finding of BCBG's intentional infringement. We will affirm the District Court's findings in all respects. Further, the District Court was well within its discretion in requiring BCBG to pay 50% of Urban Outfitters' attorneys' fees under the "exceptional case" provision of the Lanham Act and later in sanctioning BCBG for filing a non-responsive brief that extended litigation unduly.

BCBG's arguments that the District Court misconstrued the limits of this Court's remand and erred by failing to consider Urban Outfitters' alleged misconduct are unavailing. We remanded this case for the District Court to address an award of "exceptional case" attorneys' fees in light of misconduct that it had not explicitly

4

addressed in ruling on that issue in the first instance.  We explicitly left open whether an examination of that misconduct would support an award of "exceptional case" attorneys' fees.  *Urban Outfitters, Inc.*, 2009 U.S. App. LEXIS 6586, at *4 n.3 ("In remanding for further consideration of 'exceptional case' fees, we do not suggest a particular outcome must result.").  The District Court considered the specific instances this Court had noted, and found in fact that such misconduct qualified for an award of attorneys' fees.  The District Court, therefore, properly interpreted the scope of remand.  We also reject BCBG's argument that the District Court was required to address whether instances of Urban Outfitters' purported misconduct precluded an award of "exceptional case" attorneys' fees to Urban Outfitters.  BCBG's allegations of misconduct are not supported by the record and, despite extensive litigation on the question of attorneys' fees, were not presented in any detail to the District Court.

### B.  Petition for Attorneys' Fees on Appeal

We will grant in part Urban Outfitters' petition for attorneys' fees from the first appeal on the same basis given by the District Court in finding that BCBG's conduct was "exceptional" for purposes of section 35(a) of the Lanham Act, 15 U.S.C. § 1117.  *See Urban Outfitters, Inc.*, 2010 U.S. Dist. LEXIS 19059, *3-11.  When it comes to awarding attorneys' fees on appeal under 15 U.S.C. § 1117, we agree with the First Circuit that "[t]he case law in this area is very sparse."  *Tamko Roofing Prods., Inc. v. Ideal Roofing Co., Ltd.*, 294 F.3d 227, 230 (1st Cir. 2002).  In the dearth of precedent on this point, we

also find instructive the several factors the First Circuit weighs in determining whether to grant attorneys' fees in such a case:

> (1) whether the appeal was on issues different from those that caused the trial court to find an "exceptional case"; (2) the relative strengths or weaknesses of the appellate issues; and (3) the extent to which the appeal can be said to have prolonged, without adequate justification, a particularly bad "exceptional case."

*Id.* at 230.

Based on the totality of these factors and in light of the instances of intentional infringement and litigation misconduct previously cited by this Court and the District Court, we conclude that BCBG is to pay Urban Outfitters 50% of Urban Outfitters' attorneys' fees for its previous appeal. *See JCW Invs., Inc. v. Novelty, Inc.*, 509 F.3d 339, 342 (7th Cir. 2007) (awarding "exceptional case" attorneys' fees on appeal for "flagrant" copyright infringement and "willful" trademark infringement); *Comm. for Idaho's High Desert v. Yost*, 92 F.3d 814, 825 (9th Cir. 1996) (awarding "exceptional case" attorneys' fees on appeal for intentional infringement).

In responding to Urban Outfitters' petition for attorneys' fees, BCBG failed to raise any substantive ground in opposition to the petition. Instead, BCBG relied solely on procedural arguments that Urban Outfitters' petition was untimely. As we have already granted Urban Outfitters' motion to file a petition for attorneys' fees out of time and the parties have fully litigated the issue of "exceptional case" attorneys' fees both before this Court and the District Court, we find that additional briefing on whether to grant "exceptional case" attorneys' fees on appeal would only unnecessarily prolong this case. *See Urban Outfitters, Inc. v. BCBG Max Azria Group, Inc.*, Order, Nos. 07-3882, 08-

6

1472, 08-1655, 10-2922 and 10-3510 (3d Cir. Dec. 21, 2010) (Rendell, Weiss and Roth) (granting motion to file petition for attorneys' fees).

## IV. <u>Conclusion</u>

For the foregoing reasons, we will affirm the District Court's award of "exceptional case" attorneys' fees and its subsequent sanction of $5,000 against BCBG. We further award Urban Outfitters 50% of the attorneys' fees resulting from its previous appeal (Nos. 07-3882, 08-1472, 08-1655) in this case. To determine the amount of this award, we direct the parties to follow the procedure set forth in the instant Judgment. *See Vasquez v. Fleming*, 617 F.2d 334, 336 (3d Cir. 1980) (supporting this Court's authority to determine the amount of attorneys' fees on appeal).